# MIFFLIN *v.* DUTTON.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIR-
CUIT.

No. 267.   Argued April 30, May 1, 1903.—Decided June 1, 1903.

The preceding case, *Mifflin* v. *R. H. White Co., ante,* p. 260, followed, and *held,*
that under the copyright act of 1831 the authorized appearance of an au-
thor's work in a magazine without the statutory notice of copyright spec-
ially applicable thereto makes it public property and vitiates the copyright
previously taken out by the author; and that the copyright of the maga-
zine under its own title by the publisher is not a compliance, so far as
the authors are concerned, with the statutory requirements as to notice
of copyright in the several copies of each and every edition published.

This was a bill in equity by the firm of Houghton, Mifflin &
Co., assignees of the late Harriet Beecher Stowe, against the
firm of Houghton & Dutton, for a violation of the copyright
of the " Minister's Wooing," by Mrs. Stowe.

The " Minister's Wooing " appeared serially in the Atlantic
Monthly during the year 1859.   The contract between Mrs.
Stowe and her publishers, Phillips, Sampson & Co., after recit-
ing that Mrs. Stowe was the author and owned the copyright
of and right to publish the book, gave to Phillips, Sampson &
Co. " the sole and exclusive right to publish the same in this
country."   After the first twenty-nine chapters had appeared
in the first ten numbers of the Atlantic Monthly for the year
1859, the author published the whole work in book form on
October 15, 1859, and took proper steps to secure the copy-
right, notice of which was given in the name of Harriet Beecher
Stowe.   At the date of this publication the last thirteen chap-
ters had not been elsewhere published, but subsequently ap-
peared in the November and December numbers, which were
copyrighted by Ticknor & Fields, to whom the Atlantic
Monthly had been sold, and in accordance with an arrangement
with Mrs. Stowe, by which the contract between her and Phil-
lips, Sampson & Co. was assigned to Ticknor & Fields.

Upon this state of facts the Circuit Court dismissed the bill,

and upon appeal to the Circuit Court of Appeals that court affirmed the decree. Both this and the preceding case were covered by the same opinion.

*Mr. Samuel J. Elder* and *Mr. Edmund A. Whitman* for appellants.

*Mr. Andrew Gilhooly* for appellee.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

As the first twenty-nine chapters of " The Minister's Wooing" appeared in the Atlantic Monthly before any steps whatever were taken, either by the publishers or by Mrs. Stowe, to obtain a copyright, it follows that they, at least, became public property.

Mrs. Stowe's copyright of the last thirteen chapters would doubtless have been valid but for the fact that they subsequently appeared in the November and December numbers of the Atlantic Monthly without notice of such copyright. As we have already held that the copyright of the Atlantic Monthly by Ticknor & Fields did not operate as notice of the rights of the author to any article therein appearing, it follows from the case just decided that the appearance of the last thirteen chapters in the Atlantic Monthly vitiated the copyright under section five, which provides that no person shall be entitled to the benefit of the act unless he shall give information of his copyright by causing to be inserted in the several copies of each and every edition published during the term secured a notice of such copyright.

It is exceedingly unfortunate that, with the pains taken by the authors of these works to protect themselves against republication, they should have failed in accomplishing their object; but the right being purely statutory, we see no escape from the conclusion that, unless the substance as well as the form of the statute be disregarded, the right has been lost in both of these cases.

The decree in this case is also

*Affirmed.*