WHITE–SMITH MUSIC PUB. CO. v. APOLLO CO. (two cases).

(Circuit Court of Appeals, Second Circuit. May 25, 1906.)

Nos. 216, 221.

1. COPYRIGHT—CONSTRUCTION OF STATUTE.
     The law of copyright, being statutory and conferring distinct and limited rights not existing at common law, must be strictly construed, and cannot be extended, either by resort to equitable considerations or to a strained interpretation of the terms of the statute.
     [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 1.]

2. SAME—INFRINGEMENT—MUSICAL COMPOSITION.
     A copyright of a musical composition printed with staff notation is not infringed by a perforated record or sheet designed for use with mechanism to play the composition on a musical instrument; not being a "copy" of the copyrighted publication within the meaning of the copyright statute.
     [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Copyrights, § 63.]

Appeals from the Circuit Court of the United States for the Southern District of New York.

These causes come here upon appeal from a decree of the United States Circuit Court for the Southern District of New York, dismissing bill alleging infringement of copyright. The facts are stated in the opinion of the court below. 139 Fed. 427.

Charles E. Hughes, for appellant.
C. S. Burson, for appellee.
A. H. Walker, for Auto-Music Perforating Co.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The questions raised in these cases are of vast importance and involve far-reaching results. They have been exhaustively discussed in the clear and forcible briefs and arguments of

counsel. We are of the opinion that the rights sought to be protected by these suits belong to the same class as those covered by the specific provisions of the copyright statutes, and that the reasons which led to the passage of said statutes apply with great force to the protection of rights of copyright against such an appropriation of the fruits of an author's conception as results from the acts of defendant. But in view of the fact that the law of copyright is a creature of statute, and is not declaratory of the common law, and that it confers distinct and limited rights, which did not exist at the common law, we are constrained to hold that it must be strictly construed, and that we are not at liberty to extend its provisions, either by resort to equitable considerations or to a strained interpretation of the terms of the statute.

We are therefore of the opinion that a perforated paper roll, such as is manufactured by defendant, is not a copy of complainant's staff notation, for the following reasons: It is not a copy in fact. It is not designed to be read or actually used in reading music as the original staff notation is; and the claim that it may be read, which is practically disproved by the great preponderance of evidence, even if true, would establish merely a theory or possibility of use, as distinguished from an actual use. The argument that, because the roll is a notation or record of the music, it is therefore a copy, would apply to the disc of the phonograph or the barrel of the organ, which, it must be admitted, are not copies of the sheet music. The perforations in the rolls are not a varied form of symbols substituted for the symbols used by the author. They are mere adjuncts of a valve mechanism in a machine. In fact, the machine or musical playing device is the thing which appropriates the author's property and publishes it by producing the musical sounds, thus conveying the author's conception to the public.

The decree is affirmed, with costs.