### CALIGA v. INTER OCEAN NEWSPAPER CO.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1907.)

#### No. 1,365.

1. COPYRIGHTS—INFRINGEMENT—ACTION FOR STATUTORY PENALTY.

Strict construction and proof are required in an action under Rev. St. § 4965 [U. S. Comp. St. 1901, p. 3414], to recover the penalty thereby authorized for infringement of a copyright.

2. SAME—COMMON LAW AND STATUTORY COPYRIGHT.

The common law gives the author of a painting the exclusive right to reproduce the same so long as he does not make publication, but on publication such right is lost, and he can only acquire the right to further protection by a statutory copyright.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Literary Property, § 4.

Rights of authors to control of publication, disposition, or use of their productions independent of statutory copyright, see note to Bobbs-Merrill Co. v. Straus, 77 C. C. A. 620.]

3. SAME—VALIDITY—DOUBLE COPYRIGHTING.

But a single valid copyright can be obtained upon the same subject-matter; and an artist by depositing the name and description of a painting in the prescribed office did not acquire a copyright thereon, where he had previously deposited a photograph of the same painting under a different name and description for the purpose of obtaining a copyright, unless it is shown by proof that such prior deposit was inoperative.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The plaintiff in error was plaintiff below in an action of debt, under section 4965, Rev. St. [U. S. Comp. St. 1901, p. 3414], against the Inter Ocean Newspaper Company, for violation of copyright of the plaintiff's painting, and the writ of error is brought from a judgment therein in favor of such defendant, upon trial and directed verdict.

The declaration avers, in substance: That the plaintiff was the author, designer, and proprietor of an oil painting thus described: "The Guardian Angel. Portrait of a young girl sitting, hair arranged smoothly over the ears, hair parted in the middle. Her guardian angel stands behind her, one hand resting on her left shoulder, the other on her right arm." That it had not been theretofore published. That he did, "to wit, on or about the 5th day of

November, A. D. 1901," take steps, as recited, to obtain a copyright. That such description of the painting was duly recorded by the Librarian of Congress, "to wit, on or about the 7th day of November, A. D. 1901." That the painting was thereupon duly copyrighted. That notice of such copyright was inscribed upon the painting, and that the plaintiff is sole owner and proprietor of such copyright and painting. Infringement by the defendant is averred in printing and publishing copies of the painting in its newspaper, "to wit, upwards of 1,000 copies thereof," on or about October 25, 1903.

Under plea of general issue the trial proceeded before a jury, with proof on behalf of the plaintiff primarily, supporting the declaration in a copyright of the date and description alleged, and publication by the defendant without consent. In the testimony of the plaintiff, however, it further appeared, and was conceded to be the fact, that the plaintiff had procured a copyright of the identical painting on October 7, 1901, under the description: "Maidenhood. A young girl seated beside a window. An angel stands behind her." Also, that the painting was submitted to Curtis & Cameron, publishers, prior to October, "to have the picture published by them," and was photographed for that object.

Thereupon the court instructed the jury to find the defendant not guilty, and verdict was rendered accordingly. Error is assigned in various forms, both upon the direction so given and refusal of several instructions requested on behalf of the plaintiff, but the reviewable questions arise under the direction of verdict.

Otto R. Barnett, for plaintiff in error.

Clarence A. Knight, for defendant in error.

Before GROSSCUP, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). This suit is for recovery of the penalties imposed by statute (section 4965, Rev. St. [3 U. S. Comp. St. 1901, p. 3414]) for violation of an alleged copyright of a painting produced and owned by the plaintiff in error. With recovery so sought, under the special right conferred by statute and not existing at common law, the rule is elementary which requires strict construction and proof for enforcement of such right. Wheaton v. Peters, 8 Pet. 591, 663, 8 L. Ed. 1055; 3 Notes U. S. Rep. 485; Mifflin v. R. H. White Co., 190 U. S. 260, 264, 23 Sup. Ct. 769, 47 L. Ed. 1040; Bobbs-Merrill Co. v. Straus, 147 Fed. 15, 21, 23, 77 C. C. A. 607; White-Smith Music Pub. Co. v. Apollo Co., 147 Fed. 226, 227, 77 C. C. A. 368. The trial court directed a verdict of not guilty, upon the view that no valid copyright appeared under the registration of November 7, 1901, not only averred in the declaration, but proven and relied upon on the trial. Such ruling was predicated upon the fact—disclosed in cross-examination of the plaintiff in error and subsequently admitted of record—that the author had procured a prior registration on October 7, 1901, by filing "a photograph of the painting in question," with this description: "Maidenhood. A young girl seated beside a window. An angel stands behind her." In the registration of November 7th the name was changed to "The Guardian Angel," with description amplified; and the only question for review, in our understanding of the issues and conceded facts, including the transactions with and of Curtis & Cameron, is whether the statutory copyright was acquired by this registration in suit.

While the bill of exceptions show no claim or offer made on behalf of the plaintiff in error under the registration of October 7th, either

in the course of the testimony or in the instructions requested and referred to in the assignments of error, reversal is sought upon the contention that recovery was authorized under one or the other registration, and the direction was erroneous in either view. The propositions are, in substance, that the date of the copyright was "pleaded under a videlicet," and the (assumed) variance in proof was not fatal, because the particular date in such allegations is to be treated as forming no material part of the issue of fact tendered by the declaration, when the defendant is not misled or surprised. Were it true that such variance appeared between the averment and proof, and in date alone, it may be that the authorities cited would then be applicable to disregard the mere difference in date, where a single registration was proven. In this instance, however, the averment and proof are identical, both in date and subject-matter, so that no question of variance arises. The sole issue tendered and heard was upon this November registration as creating the alleged copyright, with no reference to the prior registration or intimation thereof until that fact was brought out by the defense by way of impeaching the claim in suit; and without proof applicable at least to the October registration, meeting the strict requirements for penal recovery, submission to the jury was not authorized in any view of the issue joined. The question whether a valid copyright was acquired under the prior registration is not therefore open for review, although the effect of that procedure must be considered in testing the validity of the right set up under the November registration for penal recovery.

With the controversy thus narrowed, as we believe, the various other propositions which are discussed by counsel, together with the numerous authorities cited and reviewed thereupon, are not within the issue. Recent authorities have so clearly settled the rule as to the bearing and status of the common-law copyright, when the statutory benefits are invoked, that these deductions are deemed sufficient to answer the contentions thereunder: The property rights of the author in his production, intellectual or artistic, are twofold—absolute ownership of the corporeal production, alike with other property ownership, and an independent right to make duplications, which is equally his own so long as he withholds from publication to the world. The first-mentioned right is unaffected by either class of copyright, and one or both are subject to his disposition, absolute or qualified, in common with other property rights. While publication is withheld, his right of first publication is exclusive. When he voluntarily releases to the public, by general publication, this common-law right of exclusive publication is surrendered. Unless he obtains on or before publication the protection of the statutory copyright, the public is unrestrained in duplications. With the copyright obtained, his right to publish and sell all copies becomes exclusive thereunder for the statutory term. Thus the benefits of the statute are substituted for the imperfect benefits of the common-law ownership by his surrender of the perpetual right to withhold from publication. These rights are separate and not coexistent. The common-law right ends when the statutory right begins. Holmes v. Hurst, 174 U. S. 82, 85, 19 Sup. Ct. 606, 43 L. Ed. 904; Bobbs-Mer-

rill Co. v. Straus, 147 Fed. 15, 18, 77 C. C. A. 607; Drone on Copyright, 100.

The validity of the copyright in question is challenged upon two grounds: (1) Disclosure of a prior (prima facie) copyright of the same subject-matter, under the October registration; (2) prior publication, either under the transactions of Curtis & Cameron, or through the October registration. If one or the other of these objections is supported by the evidence referred to, no escape appears from the conclusion that the objection is fatal.

1. Whether the registration of October resulted in a valid copyright is not, as before mentioned, involved in the issue. Nevertheless the conceded fact of such registration by the plaintiff in error must be considered in testing the validity of the alleged copyright under the subsequent filing. The contention in support of the copyright is substantially this: That the established rule of the patent law against duplication of patents for the same invention (Miller v. Eagle Manuf. Co., 151 U. S. 186, 197, 14 Sup. Ct. 310, 38 L. Ed. 121; 12 Notes U. S. Rep. 485) is not applicable to copyrights, because no express grant of monopoly issues as in the case of patents, and that duplications of registry for the same subject-matter are allowable, and so recognized in Black v. Allen (C. C.) 56 Fed. 764, 769. Neither of these contentions impresses us as tenable. The grant of monopoly is conferred alike by statute in both instances, upon due application, although in respect of patents the methods differ in the needful discrimination for patentability and in the form of issue. The applicant for a copyright (section 4956, Rev. St. [3 U. S. Comp. St. 1901, p. 3407) deposits in the office of the Librarian the required matter, and record is there made. Upon compliance on the part of an author with this requirement, the grant ensues, as of course, under section 4952, Rev. St. [3 U. S. Comp. St. 1901, p. 3406]. So the copyright is equally a grant, however simple the method of acquiring, and when once conferred there is neither authority nor occasion for a second grant to the author for the same production. Duplication is necessarily inoperative, as in the case of the patent for invention, and the authorities are harmonious in this view. Mifflin v. Dutton, 112 Fed. 1004, 1005, 50 C. C. A. 661, 61 L. R. A. 134, affirmed 190 U. S. 265, 23 Sup. Ct. 771, 47 L. Ed. 1043; Lawrence v. Dana, 4 Cliff. 1, Fed. Cas. No. 8,136. For new matter only in new editions can another copyright be obtained. Id.; Drone on Copyright, 146. In the case of Black v. Allen (C. C.) 56 Fed. 764, 769, cited contra, which arose in equity and involved equitable considerations, the present inquiry and strict view of the proceedings for copyright were not passed upon, nor do we understand the opinion or ruling to rest the rights of the complainant upon duplication of copyright. It goes without saying that the author is bound only by such filing for copyright as he authorizes or adopts.

As the statutory copyright is acquired through the simple act of the author in making the deposit, the admission that he made such deposit in October, even referring to it in his testimony as his "first copyright," clearly impeaches the alleged copyright of November, unless accompanied by proof that the prior deposit was inoperative. No such proof appears, and none was offered. The mere fanciful change in naming

the painting, "The Guardian Angel" on the second filing, instead of "Maidenhood," as previously designated, cannot be accepted for a new grant of copyright; nor the further details in the description, when those first given were plainly sufficient for identity. Whatever the rights may be for filing notice of change of name adopted for the author's work, no sanction appears for this independent filing of the matter, unexplained, as another copyright. We are of opinion that such course was confusing and unauthorized by way of copyright, and that the transaction cannot be upheld in the face of the conceded facts.

2. The question whether publication does not appear, prior to the November registry, either in the transactions of Curtis & Cameron, under their arrangement with the author, or in the fact of registration of the photograph and description in October, does not require solution under the foregoing view. The authorities cited for the contention that such registration amounts to publication are the well-considered cases of Bobbs-Merrill Co. v. Straus, supra, 147 Fed. 21, 77 C. C. A. 607, and Jewelers' Mer. Agency v. Jewelers' Pub. Co., 155 N. Y. 241, 254, 49 N. E. 872, 41 L. R. A. 846, 63 Am. St. Rep. 666; and in view of the purpose and publicity of the registration, this objection, to say the least, could not be set aside without careful consideration, the statute providing (section 4956, supra) that the matter must be filed "on or before the day of publication." We refrain from decision thereupon, content to rest affirmance of the judgment upon the first-mentioned ground.

The judgment of the circuit court is affirmed.