**LEIGH v. GERBER et al.**

Civ. 48–644.

United States District Court
S. D. New York.

July 6, 1949.

Dorothy Frooks, New York City, for plaintiff.

William Auerbach, New York City, for defendants.

RIFKIND, District Judge.

In this suit for infringement of two copyrights, one for a painting and the other for a reproduction thereof, plaintiff moves for "an Order striking out the answer served herein [by some of the defendants] upon the ground that said answer is sham, frivolous and redundant; that damages of plaintiff be assessed and that judgment thereon be granted to the plaintiff and that the plaintiff will ask for such other and further relief as to the Court may appear just, with costs of this motion and reasonable attorney's fees".

The complaint alleges that the plaintiff created a painting which he entitled "Struggle for Existence", and duly secured a certificate of registration of copyright therefor; that plaintiff authorized the magazine "Parade" to publish a reproduction thereof; that the magazine published a reproduction of the painting in an edition which it copyrighted; that plaintiff is the assignee of Parade's interest in the copyright of the reproduction and of any cause of action for infringement thereof which Parade has; and that defendants published a picture which infringed the copyright of the painting and the copyright of the reproduction. The answer alleges that the complaint fails to state a claim; admits that the answering defendants published and circulated the allegedly infringing picture; denies injury or damage to the plaintiff; alleges that the plaintiff intentionally misrepresented the copyright date, wherefore he forfeited his rights; alleges that the photograph in the magazine did not bear the required copyright notice, wherefore the picture was placed in the public domain; and alleges that Parade's attempt to copyright the reproduction was void. Both parties have submitted affidavits.

It is not seriously denied by the defendants that the plaintiff created the painting; secured a copyright registration in 1948; and authorized Parade to publish a reproduction of the painting. It further appears without contradiction that the original painting bears the inscription, "W. R. Leigh 1947(c)"; that on the reproduction, as published in the magazine, no copyright notice appears; that the edition of the magazine in question was copyrighted and properly marked; that Parade assigned to the plaintiff, after publication, all its rights and interests in the copyright of the reproduction published in the magazine and all causes of action arising from infringement thereof. It is conceded that the defendants published a picture, which, examination reveals, is a copy of plaintiff's painting and the published reproduction; that they published it without authorization; and that they published it after the publication by Parade. It is not specifically established that they copied the picture from the magazine reproduction, but the inference is plain enough and defendants do not controvert it.

Only one of the grounds assigned by the plaintiff for his motion is provided in the Federal Rules of Civil Procedure, 28 U.S.C.A., and that is redundancy. F.R. C.P., Rule, 12(f). Defendants' answer is certainly not redundant. Nevertheless, I should have preferred not to dispose of the motion on that ground and to treat the motion as one for summary judgment, in view of the presence of affidavits and exhibits. See F.R.C.P., Rule 12(c). However, too many questions which need to

be answered have been left open by counsel. It is hazardous, in such circumstances, to adjudge this case summarily.

■ Reproductions of a work of art constitute a distinct class of copyrightable material. 17 U.S.C.A. § 5. By publishing a reproduction of plaintiff's painting in a copyrighted edition of its magazine, did Parade secure a copyright in the reproduction, 17 U.S.C.A. § 3, when it did not own the author's rights in the original?

Cf. Mail & Express Co. v. Life Publishing Co., 2 Cir., 1912, 192 F. 899; Kaplan v. Fox Film Corporation, D.C.S.D. N.Y. 1937, 19 F.Supp. 780.

■ Plaintiff possessed a valid copyright on his painting. The misdating of the copyright notice, being in favor of the public, American Code Co. v. Bensinger, 2 Cir., 1922, 282 F. 829, 836, and the statute requiring no date as part of the notice affixed upon a work of art, 17 U.S. C.A. § 19, did not invalidate the author's copyright. Apart from Parade's publication, no authorized publication of the painting appears to have occurred.

Does the authorized publication of a reproduction of a copyrighted work of art, in a copyrighted periodical, with notice of the copyright of the periodical, but omitting notice of the copyright of the work of art, constitute failure to comply with the notice requirements of the copyright laws and result in dedication to the public of the work of art?

■ Since one who innocently copies from an infringing copy is liable as an infringer to the owner whose unpublished work was infringed, Acosta v. Brown, D.C. S.D.N.Y. 1943, 50 F.Supp. 615, affirmed De Acosta v. Brown, 2 Cir., 1944, 146 F.2d 408, certiorari denied, 1945, 325 U.S. 862, 65 S.Ct. 1198, 89 L.Ed. 1983, it would seem to follow a fortiori that one who copies from a licensed and copyrighted published reproduction is liable to the copyright owner of the original. But over 45 years ago, in the Mifflin case, the Supreme Court held that the author of a copyrighted novel lost his copyright when his licensee published a serialization of the novel in a copyrighted edition of a periodical but failed to give notice of the author's copyright. Mifflin v. Dutton, 1903, 190 U.S. 265, 23 S.Ct. 771, 47 L.Ed. 1043.

See also Mifflin v. R. H. White Co., 1903, 190 U.S. 260, 23 S.Ct. 769, 47 L.Ed. 1040.

Six years after the Mifflin decisions, the copyright law was completely revised, and in Section 3 of the Copyright Act of 1909 it was provided: "The copyright provided by this title shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this title." 17 U.S.C.A. § 3.

That it was the intention of the Congress thereby to effect a change in the law is made clear by the statement of the House Committee reporting the bill, that "Section 3 does away with the necessity of taking a copyright on the contributions of different persons included in a single publication, but in express terms we provide that it shall not extend the duration or scope of any copyright nor do we intend to make copyrightable anything which has fallen into the public domain." H. R. Rep. No. 2222, 60th Cong., 2nd Sess., February 22, 1909, pg. 8.

This, however, does not meet the plaintiff's problem in toto. McDaniel v. Friedman, 7 Cir., 1938, 98 F.2d 745, 749; cf. Kaplan v. Fox Film Corporation, supra.

Perhaps the Mifflin case is distinguishable from that here presented. Here the reproduction of the painting was copyrightable independently of the painting; and the complaint alleges that it was "duly" copyrighted. Neither the answer nor the answering affidavits squarely contradict that, except with the assertion of the legal conclusion that Parade's attempt to copyright was void. In the Mifflin case the serialization of the novel was but a copy not entitled to independent copyright distinct from the copyright of the original.

The argument may be made that while the publication of the novel in the magazine without notice of copyright in the author is a failure to comply with the copyright statute, 17. U.S.C.A. § 10, and results in a loss of copyright, nothing in 17 U.S.C.A. § 10 seems to require notice of copyright in a work of art to be annexed to the publication of an independently copyrighted reproduction of the work of art. See 17 U.S.C.A. § 5(g, h). It must be admitted, however, that this distinction could have been made but was not made in the Kaplan case, supra.

Another question left unanswered is presented by a 1903 decision that a copy of a photograph of a painting, both photograph and painting having been copyrighted, infringes only the copyright of the photograph, not the copyright of the painting. Champney v. Haag, C.C.E.D. Pa. 1903, 121 F. 944.

Compare dissenting opinion in De Acosta v. Brown, supra, 146 F.2d at page 413.

In view of the foregoing, plaintiff's motion is denied without prejudice to a motion for summary judgment accompanied by briefs illuminating the questions herein presented.