### BOSSELMAN v. RICHARDSON.

(Circuit Court of Appeals, Second Circuit. December 14, 1909.)

No. 30.

1. COPYRIGHTS (§ 69*)—INFRINGEMENT—BURDEN OF PROOF—LIBRARIAN'S CERTIFICATE.

Rev. St. § 4952 (U. S. Comp. St. 1901, p. 3406), provides that the author of a painting, or his assigns, on complying with the law, shall have the sole liberty of printing, publishing, copying, and vending a copyrighted painting; and section 4956 (U. S. Comp St. 1901, p. 3407) requires the person entitled to the copyright of a painting, on or before the day of publication in the United States or in a foreign country, to deliver a description and a photograph to the Librarian of Congress. *Held*, that where plaintiff, as assignee, sued for the infringement of an alleged copyright on certain paintings, the burden was on him to prove that his assignor was the author, and that neither plaintiff nor his assignor had published the paintings before copyright, which burden he did not sustain by offering in evidence the certificate of the Librarian of Congress, acknowledging that descriptions and photographs of the paintings had been deposited by plaintiff in his office, and concluding with the words, "the right whereof he claims as proprietor in conformity with the laws of the United States respecting copyrights."

[Ed. Note.—For other cases, see Copyrights. Dec. Dig. § 69.*]

2. COPYRIGHTS (§ 69*)—PAINTINGS—AUTHORSHIP—NONPUBLICATION.

Evidence of a neighbor of plaintiff's assignor that witness saw the assignor frequently while painting certain pictures, but did not see him use any paintings, pictures, drawings, or other pictorial works in so doing, and that witness and plaintiff did not know that the assignor ever exhibited the paintings outside his own parlor, or ever gave any one permission to copy them during the 30 years before they were copyrighted, was incompetent and insufficient to establish original authorship and nonpublication before copyright, in an action for infringement.

[Ed. Note.—For other cases, see Copyrights, Dec. Dig. § 69.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by George S. Richardson against Andreas C. Bosselman. Judgment for plaintiff, and defendant brings error. Reversed.

See, also, 164 Fed. 781.

Rudolph Marks (Louis C. Raegener, of counsel), for plaintiff in error.

Philip J. McCook (Anson T. McCook and Hans von Briesen, of counsel), for defendant in error.

Before COXE, WARD, and NOYES, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. The plaintiff in the court below recovered a verdict of $20,000 against the defendant under section 4965, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3414), being a penalty of $10,000 for the sale of over 1,000 postal cards reproducing each of two pictures painted by the plaintiff's father in 1875, describing the burning of the Norfolk Navy Yard and the ramming of the "Cumberland" by the "Virginia" in 1862, assigned to the plaintiff in 1905, and by him copyrighted in 1906. A great many exceptions were taken at the trial, which have been argued in this court, only two of which we think it necessary to consider, viz., that the complaint should have been dismissed on the ground, first, that there was no proof that Richardson, Sr., was the author of the pictures; second, that there was no proof that he had not published them before copyright. Upon this latter point the trial judge held that the burden lay upon the defendant to prove publication before copyright, and not upon the plaintiff to prove nonpublication.

Rev. St. U. S. § 4952 (U. S. Comp. St. 1901, p. 3406), provides that the "author" of a painting or his assigns, upon complying with the provisions of law, shall have the sole liberty of printing, publishing, copying, and vending the same. Section 4956 (U. S. Comp. St. 1901, p. 3407) requires the person entitled to the copyright of a painting "on or before the day of publication in this or any foreign country" to deliver a description and a photograph of it to the Librarian of Congress. The plaintiff rightly and necessarily averred in his complaint that Richardson, Sr., was the author of the paintings, that he assigned them to the plaintiff with full power to copyright, and that the plaintiff did before the publication of them anywhere comply with the provisions of law regulating copyrights. The answer denied all these allegations.

The certificate of the Librarian of Congress under section 4957, Rev. St. U. S. (U. S. Comp. St. 1901, p. 3409), after acknowledging that descriptions and photographs of the paintings have been deposited by the plaintiff in his office, concludes with the words, "the right whereof he claims as proprietor in conformity with the laws of the United States respecting copyrights." Such a certificate is wholly unlike letters patent, which are issued under section 4884 after a quasi judicial examination of the applicant's rights, and which grant him, his heirs or assigns, the exclusive right to make, use, and vend the invention patented. A patentee accordingly makes out a prima facie case when he puts his letters in evidence and proves infringement. The owner of a copyright, on the other hand, is bound to prove compliance with all the statutory conditions, viz., in this case that his assignor was the author, and that neither he nor his assignor had published the paintings before copyright. Wheaton v. Peters, 8 Pet. 593, 669, 8 L. Ed. 1055, et seq.; Merrell v. Tice, 104 U. S. 557, 26 L. Ed. 854; Bennett v. Carr, 96 Fed. 213, 37 C. C. A. 453. The certificate of the Librarian of Congress is no proof of compliance with these conditions.

The plaintiff did prove that Richardson, Sr., painted the pictures and gave them to him under circumstances from which a right to copy-

right might be implied; that he did deliver to the Librarian of Congress a description and photograph of each; that he had not published them before doing so; that the defendant sold over 1,000 post cards of each picture, which cards the jury have found infringed. But the proof that Richardson, Sr., was the author—that is, that the paintings were his original work—depends upon the testimony of one Drury, a neighbor, and of the plaintiff, that they saw him frequently while painting the pictures, and did not see him use any paintings, pictures, drawings, or other pictorial works in doing so. The proof that Richardson, Sr., never published them prior to copyright is the testimony of Drury and of the plaintiff that they do not know that he ever exhibited the paintings outside of his own parlor, or that he ever gave any one permission to copy them during the long period of 30 years before copyright was applied for. This negative testimony, particularly as to nonpublication, seems to us incompetent and insufficient evidence to sustain a recovery for the drastic penalties imposed by Rev. St. U. S. § 4965 (U. S. Comp. St. 1901, p. 3414), for violation of copyright of maps, prints, paintings, etc. Exactly what amounts to publication in the case of paintings may not have been very definitely determined. Werckmeister v. American Lithographic Co. (C. C.) 134 Fed. 321, affirmed 207 U. S. 384, 28 Sup. Ct. 124, 52 L. Ed. 254. But the plaintiff has supplied no proof at all of nonpublication. Proof of compliance with the statutory conditions should be strictly enforced in a case where no application for copyright was made until more than 30 years after the subjects of copyright were painted, especially where the painter himself, though an old man residing in Norfolk and ill, was neither examined at the trial nor by deposition before trial.

The judgment is reversed.