## CROWN FEATURE FILM CO. v. LEVY et al.

(District Court, S. D. New York. October 21, 1912.)

1. COPYRIGHTS (§ 82*)—INFRINGEMENT—COMPLAINT—OWNERSHIP.

    A complaint for infringement of a copyright, merely alleging that complainant's assignor was the sole and exclusive owner and proprietor of the copyrighted productions, was insufficient without an allegation of the facts showing how complainant became proprietor and his right to sue.

    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

2. COPYRIGHTS (§ 82*)—INFRINGEMENT—BILL.

    A bill for alleged infringement of a copyrighted photograph must show that the photograph was a copyrightable work.

    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

3. COPYRIGHTS (§ 82*)—INFRINGEMENT—EXISTENCE OF COPYRIGHT.

    In a suit to restrain the infringement of certain alleged copyrighted photographs, an allegation that plaintiff's assignor filed two complete copies of the photographs did not show compliance with the provision of the statute requiring registration by depositing two complete copies of the best edition thereof then published.

    [Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 72, 73; Dec. Dig. § 82.*]

Suit by Crown Feature Film Company against Morris M. Levy and another, doing business under the firm name and style of Feature Film Company. On demurrer to bill. Sustained.

Isaac B. Owens, of New York City, for complainant.
Samuel F. Frank, of New York City, for defendants.

MAYER, J. The defendants have demurred, urging that the bill fails in the following particulars:

"(1) There is nothing to show that the person claiming copyright had the said right or how he acquired it.
"(2) There is nothing to show that the photograph is a copyrightable work.
"(3) It fails to show compliance with the copyright statute.
"(4) It fails to allege facts showing infringement."

The fourth ground is not tenable, and since the argument that ground has been abandoned, as appears in defendants' replying memorandum.

[1] First. Complainant states merely that its assignor was "the sole and exclusive owner and proprietor of certain photographs entitled 'St. George and the Dragon, Part 1,' * * * and of all rights and privileges thereunder and therein in and to the United States and the territories thereof." There is no allegation that Powers was the author, or that there was any author or producer in the United States or elsewhere, or how, if Powers was not the author, he became the proprietor. I think, under the present act even more strongly than heretofore, complainant must show his title not merely by an allegation that he is the proprietor, but by setting forth facts which show how he became proprietor and why he has the right to bring the action. While Bosselman v. Richardson, 174 Fed. 622, 98 C. C. A. 127, and Ford v. Charles E. Blaney Amusement Co. (C. C.) 148 Fed. 642, arose under the previous law, yet they are in principle applicable to the case here under consideration.

[2] Second. I am inclined to think that defendants are right in their contention that the bill is demurrable because there is nothing to show that the photograph is a copyrightable work.

[3] Third. The allegation that Powers filed "two complete copies of said photographs" does not satisfy the requirement of the statute, which, among other things, is that registration shall be made by depositing "two complete copies of the best edition thereof then published." The bill must show strict compliance with the requirements of the Copyright Law, and, if the failure so to do appears on the face of the bill, then the bill fails to state a cause of action under the statute.

The demurrer is sustained, with leave to the complainant to amend the complaint within 20 days upon the payment of $10 costs.