## PUBLIC LEDGER CO. v. NEW YORK TIMES CO. et al.

(Circuit Court of Appeals, Second Circuit. January 26, 1922.)

### No. 170.

Copyrights ⬦76—Plaintiff, relying on contract which gave no authority to copyright matter, cannot sue for infringement of copyright.

Where it was admitted that all of plaintiff's rights grew out of a contract between it and a foreign publishing company, which contract did not give plaintiff authority to copyright in this country the matter of which its representative was permitted to make a résumé or copy, plaintiff cannot maintain a suit for infringement of the copyright of such matter.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity for infringement of a copyright by the Public Ledger Company against the New York Times Company and others. Decree for defendants (275 Fed. 562), and plaintiff appeals. Affirmed.

Certiorari denied 257 U. S. ——, 42 Sup. Ct. 383, 66 L. Ed. ——.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stetson, Jennings & Russell, of New York City (Thomas Raeburn White, of Philadelphia, Pa., and William C. Cannon, of New York City, of counsel), for appellant.

Alfred A. Cook and Harold Nathan, both of New York City, for appellees.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. It being admitted and agreed that all plaintiff's rights, whatever they are, grow out of a certain contract between plaintiff and the Times Publishing Company, Limited, of Great Britain, we ground decision on a single point, and express no opinion on all other matters discussed at bar or suggested in the opinion below.

The point is this: The contract in question did not, and was not intended to, give plaintiff any authority to copyright in this country the "news, special articles, and other matter" of which plaintiff's representative was permitted to make a "résumé or copy, * * * for the purpose of transmission to the Public Ledger for publication."

Since plaintiff was without authority to copyright, its action for infringement of copyright must fail.

Decree affirmed, with costs.