## M. WITMARK & SONS v. CALLOWAY et al.

District Court, E. D. Tennessee, N. D. October 29, 1927.

### No. 75.

**1. Copyrights ⬤⟸41, 42—Parol assignment of song to one subsequently taking out copyright thereon is sufficient.**

Parol assignment of lyric and music for a song to one who subsequently takes out copyright thereon in his own name is sufficient.

**2. Copyrights ⬤⟸83—Certificate of copyright registration is prima facie evidence of facts stated therein, and, in absence of contradictory evidence, establishes valid copyright in holder (Copyright Act March 4, 1909, §§ 1, 55 [17 USCA §§ 1, 55]).**

Under Copyright Act March 4, 1909, § 55 (17 USCA § 55), certificate of copyright registration under seal of Copyright Office for a song is prima facie evidence of the facts stated therein, and, in absence of contradictory evidence, establishes valid copyright in holder thereof, with exclusive right to perform the copyrighted work publicly for profit under section 1 of the act (17 USCA § 1).

**3. Copyrights ⬤⟸66—Use of copyrighted song for one performance where admissions were charged, held use thereof for profit; "use for profit" (Copyright Act March 4, 1909, § 1 [17 USCA § 1]).**

Use of copyrighted song, even for only one performance, in a moving picture theater, which charged admissions for such performance, *held* use of the song for profit, in violation of Copyright Act March 4, 1909, § 1 (17 USCA § 1).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Use—Used.]

**4. Depositions ⬤⟸12—Deposition of witness living over 100 miles from trial of copyright infringement suit and exhibit attached held admissible (28 USCA § 639; equity rules 46, 47).**

Under Rev. St. § 863 (28 USCA § 639; Comp. St. § 1472), and equity rules 46, 47, deposition of witness living over 100 miles from place of trial of copyright infringement suit, with which was filed an exhibit of copyrighted song alleged to have been infringed, *held* admissible.

**5. Copyrights ⬤⟸39—Copyright on lyric and music of song protected separate use of each (Copyright Act March 4, 1909, § 3 [17 USCA § 3]).**

Under Copyright Act March 4, 1909, § 3 (17 USCA § 3), copyright on lyric and music of a song protected separate use of the words and of the music, and use of music roll of such song in moving picture show, in which admissions were charged, constituted an infringement of the copyright.

**6. Copyrights ⬤⟸52—That defendant did not intend to infringe copyright does not affect liability.**

Lack of intention to infringe copyright does not affect infringer's liability; result, and not intention, determining question of infringement.

**7. Copyrights ⬤⟸52—That operator of player piano in theater borrowed copyright music without knowledge or consent of theater owner did not affect owner's liability for infringement.**

That operator of player piano in motion picture theater at which admissions were charged borrowed a music roll without direction, knowledge, or consent of the owner or manager of the theater, did not affect owner's liability for infringement of copyright on the song, in application of the common-law rule that master is civilly liable if there is any unlawful act in transacting business which servant was employed to do, though particular act may have been done without express authority from master, or even against his orders.

**8. Copyrights ⬤⟸86—Holder of copyright held entitled to injunction against infringement, though there was no immediate danger of further infringement (Copyright Act March 4, 1909, § 25 [17 USCA § 25]).**

Holder of copyright for song *held* entitled to injunction against infringement of copyright as recognition of his technical right under Copyright Act March 4, 1909, § 25 (17 USCA § 25), even though there was no immediate danger of further infringement.

**9. Copyrights ⬤⟸87—Though damages proved from copyright infringement are small, they cannot be fixed at less than $250 (Copyright Act March 4, 1909, § 25, subsec. [b] being 17 USCA § 25 [b]).**

Though evidence did not justify large damages for infringement of copyright for song, they cannot be fixed at less than $250, under Copyright Act March 4, 1909, § 25, subsec. [b], (being 17 USCA § 25 [b]).

**10. Copyrights ⬤⟸90—That statute fixes minimum damages for copyright infringement at sum greater than evidence justifies does not authorize court to correspondingly reduce attorney's fees (Copyright Act March 4, 1909, §§ 25, 40 [17 USCA §§ 25, 40]).**

Because Copyright Act March 4, 1909, § 25 (17 USCA § 25), fixes minimum damages for copyright infringement at an amount larger than seems to be justified by the evidence, does not authorize court in correspondingly reducing the amount allowed for attorney's fees under section 40 of the act (17 USCA § 40).

**11. Copyrights ⬤⟸90—Attorney's fees allowed in copyright infringement suit should be based on interest involved, recovery, and work required and accomplished (Copyright Act March 4, 1909, § 40 [17 USCA § 40]).**

Amount of attorney's fees allowed successful party in copyright infringement suit, under Copyright Act March 4, 1909, § 40 (17 USCA § 40), should be based on magnitude of interest involved, the amount recovered in damages, and the volume of work required and accomplished.

**12. Copyrights ⬤⟸90—Allowance of $250 attorney's fees in copyright infringement suit held reasonable under the facts (Copyright Act March 4, 1909, § 40 [17 USCA § 40]).**

In suit for infringement of copyrighted song, consisting in use of a music roll during one or two performances in a moving picture theater,

in which there was no application for a preliminary injunction, and not more than two hours was consumed on the final hearing, but defendant had been previously warned of infringement, and plaintiff was awarded minimum damages, *held*, that allowance of $250 as attorney's fees to plaintiff's attorney was reasonable, under Copyright Act March 4, 1909, § 40 (17 USCA § 40).

In Equity. Suit by M. Witmark & Sons against R. M. Calloway and another. Order for plaintiff in accordance with opinion.

Frank J. McGhee, of Knoxville, Tenn., and W. E. Arnaud, of Atlanta, Ga., for plaintiff.

L. H. Carlock, of Knoxville, Tenn., for defendants.

HICKS, District Judge. The plaintiff, M. Witmark & Sons, brought this bill in equity against defendants, R. M. Calloway and C. S. Hughes, for an infringement of a copyright. The bill contains the usual prayer for an injunction and damages.

Calloway and Hughes formerly operated a theater at Lenoir City, Tenn., under the trade-name of the Consolidated Amusement Company. This theater was known as the "Grand Theater." At the time of the matters complained of in the bill, the defendant Hughes was no longer connected with the business. The defendant Calloway was the sole owner and proprietor. This theater was a moving picture house, and, in addition to the exhibition of moving pictures, musical performances were given to attract and entertain the public. The theater was operated for profit and admission fees were charged.

[1] One Arthur A. Penn wrote the verse or lyric and composed the music for a song called "Smilin' Through," which was assigned to plaintiff, M. Witmark & Sons. There was no written assignment, nor was that necessary, first, because a parol assignment is sufficient (Callaghan v. Myers, 128 U. S. 617, 9 S. Ct. 177, 32 L. Ed. 547; Lawrence v. Dana, Fed. Cas. No. 8136); and, second, because the copyright is in the name of petitioner M. Witmark & Sons.

[2] There was introduced at the hearing a certificate of copyright registration under seal of the copyright office for this song, showing the copyright in the name of plaintiff. This certificate is prima facie evidence of the facts stated therein. 35 Stat. 1086, c. 320, § 55 (17 USCA § 55), this being the Copyright Act of March 4, 1909. There is nothing to contradict it, and it is therefore sufficient proof to establish a valid copyright in the plaintiff. Berlin v. Evans (D. C.) 300

F. 677. The rule was different before the Copyright Act of 1909. Bosselman v. Richardson (C. C. A.) 174 F. 622; Lederer v. Saake (C. C.) 166 F. 810. The plaintiff, being the proprietor of the copyright, had "the exclusive right * * * (e) to perform the copyrighted work publicly for profit, if it be a musical composition and for the purpose of public performance for profit." Chapter 320, § 1, 35 Stat. 1075, Copyright Act of March 4, 1909 (17 USCA § 1).

In connection with the exhibition of moving pictures, the defendant had in this Grand Theater at Lenoir City, Tenn., a photo player piano, which could be played by the human hand, or which could be operated by means of music rolls. This theater had formerly used copyrighted music rolls in connection with this player piano, but, a controversy having arisen over it, had abandoned the copyrighted music something like a year and a half or two years before the incident complained of.

[3] On June 9, 1926, Frank J. McGhee, a musician and also an attorney representing the American Society of Composers, Authors, and Publishers, after paying the usual admission fee, visited this theater as a patron, remaining there from about 7 until 9 o'clock in the evening, and heard performed on the player piano, by means of the music rolls, several pieces of music, and among others the piece in question, to wit, "Smilin' Through." It was for the infringement in using this copyrighted piece, "Smilin' Through," that the suit was brought. Neither the owner of the theater, Mr. Calloway, nor the manager, Mr. Wallace, knew that it was used, nor had they given any instructions to use this or any other copyrighted music. This music roll, "Smilin' Through," was not among the rolls ordinarily used on the piano. The operator of the piano, a young man named Williams, remembers nothing touching this particular roll. He, however, testifies that upon one occasion he borrowed from or exchanged with certain drug stores in Lenoir City certain music rolls, which he used in this player piano during one or more of the performances in the theater, when he returned them. I assume, therefore, that the weight of the proof is that this theater did, upon the occasion mentioned by the witness McGhee, use the copyrighted music roll "Smilin' Through" during at least one performance. This unwarranted use of it in connection with the moving picture exhibition was, of course, for profit. Admissions were charged at the door. Harms v.

Cohen (D. C.) 279 F. 276; M. Witmark & Sons v. Pastime Amusement Co. (D. C.) 298 F. 470; Jerome H. Remick & Co. v. American Automobile Accessories Co. (C. C. A.) 5 F.(2d) 411, 40 A. L. R. 1511; also Herbert v. Shanley Co., 242 U. S. 591, 37 S. Ct. 232, 61 L. Ed. 511.

[4] The defendant insists that, even though his employee, Williams, used this copyrighted music roll, "Smilin' Through," yet there is no proof of infringement, because the record fails to contain any copy of the original copyrighted production or song, with lyric and words, "Smilin' Through." To the deposition of plaintiff's witness Sadie Einstein is filed as Exhibit I this copyrighted song. The point made is that this deposition is inadmissible, because it is a deposition, and therefore not in accordance with equity rule 46, requiring testimony to be taken orally in open court in equity cases, but this rule has its exceptions. Equity rule 47. The deposition of Sadie Einstein comes within one of the exceptions. The witness lived in New York City, more than 100 miles from the place of trial. Section 863, Rev. Stat. (28 USCA § 639 [Comp. St. § 1472]). There was never any formal exception filed to this deposition of Sadie Einstein, and for the reasons indicated the deposition was clearly admissible.

[5] The defendants further insist that the use of this music roll was not an infringement, because the copyright was for both music and lyric, and a mechanical music roll could, of course, only produce the tune, and not the words. Whatever may have been the law formerly, this insistence is now ineffective, as against section 3, c. 320, 35 Stat. 1076 (17 USCA § 3), passed March 4, 1909, known as the Copyright Act, which provides that "the copyright provided by this [title] shall protect all" of the copyrighted "component parts of the work copyrighted. * * * The copyright upon composite works * * * shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this [title]." The copyright, therefore, protected not only the words, but the music or tune, and the use of the music by defendants was prohibited. Standard Music Roll Co. v. F. A. Mills, Inc. (C. C. A.) 241 F. 360; King Features Syndicate v. Fleischer (C. C. A.) 299 F. 533.

[6, 7] Assuming that the defendant did not intend to infringe, the lack of intention does not affect the fact of liability. The result, and not the intention, determines the question of infringement. Lawrence v. Dana,

Fed. Cas. No. 8136; Journal Pub. Co. v. Drake (C. C. A.) 199 F. 572; Reed v. Holliday (C. C.) 19 F. 325; Harper v. Shoppell (C. C.) 26 F. 519; Fishel v. Lueckel (C. C.) 53 F. 499; Stern v. Jerome H. Remick & Co. (C. C.) 175 F. 282. Neither does the fact, if it is a fact, that young Williams, the operator of the player piano, borrowed this music without the direction, knowledge, or consent of the owner or manager of the theater affect the question. The rule of the common law applies, to wit, that the master is civilly liable in damages for the wrongful act of his servant in the transaction of the business which he was employed to do, although the particular act may have been done without express authority from the master, or even against his orders. McDonald v. Hearst (D. C.) 95 F. 657; M. Witmark & Sons v. Pastime Amusement Co. (D. C.) 298 F. 470.

[8, 9] This leaves for disposition only the question, first, as to whether an injunction should issue; second, as to the damages; and, third, as to the attorney fees and costs. While there does not appear to be any immediate danger of further infringement, yet I am of opinion that the injunction should issue as a recognition of plaintiff's technical right under section 25 of the copyright statute (17 USCA § 25). The damages indicated in the proof are small, but cannot be fixed at less than $250, and they are therefore fixed at that sum. Section 25 of chapter 320, 35 Stat. 1081, known as the Copyright Act; Sauer v. Detroit Times Co. (D. C.) 247 F. 687, opinion by Judge Tuttle, one of the judges of the Sixth Circuit; Westerman Co. v. Dispatch Printing Co., 249 U. S. 100, 39 S. Ct. 194, 63 L. Ed. 499, affirming upon the point Westermann Co. v. Dispatch Printing Co. (C. C. A.) 233 F. 609, in certiorari from the Sixth Circuit; also memorandum opinion of this court in Henry L. Cravens et al. v. Retail Credit Men's Ass'n, 23 F.(2d) ——, October 20, 1924. See, also, Jerome H. Remick Co. v. Gen. Elec. Co. (D. C.) 16 F.(2d) 829, and Waterson, Berlin & Snyder Co. v. Tollefson (D. C.) 253 F. 859.

The rule was otherwise before the passage of the act of 1909, especially in cases where the infringement was committed by servants without the knowledge of the master. McDonald v. Hearst (D. C.) 95 F. 656. There the statutory damages were regarded as in the nature of a penalty, rather than actual damages; but the act of 1909 (section 25, subsec. [b] being 17 USCA § 25[b]) specifically provides that the damages "shall not be regarded as a penalty." As to costs, sec-

tion 40 of the statute (17 USCA § 40) provides that "full costs shall be allowed." M. Witmark & Sons v. Pastime Amusement Co. (D. C.) 298 F. 470; Fisher v. Dillingham (D. C.) 298 F. 145.

[10] This section also provides that "the court may award to the prevailing party a reasonable attorney's fee as part of the costs." In view of the fact that plaintiff has been successful, I apprehend that reasonable discretion will justify the allowance of attorney's fees. Because the statute fixes the minimum damages at an amount larger than might appear to be justified by the evidence does not justify the court in therefore correspondingly reducing the amount allowed for attorney's fees.

[11, 12] The amount alleged for fees should be based upon the magnitude of the interest involved, the amount recovered in damages, and the volume of work required and accomplished. The damages recovered are the minimum. The infringement complained of consists of nothing more than the unwarranted use of a music roll during one or two performances. There was no application for a preliminary injunction, and not more than two hours was consumed upon the final hearing; but there had been some controversy on a former occasion between these litigants over the use of copyrighted music, and the defendants had been directly advised that this was an infringement. I conceive that, under all the circumstances, an attorney's fee of $250 would be reasonable and ample, and the fee is therefore fixed at that sum.

An order will be entered in accordance with this opinion.