## QUINN–BROWN PUB. CORPORATION v. CHILTON CO., Inc.

District Court, S. D. New York.
March 6, 1936.

Alfred Ekelman, of New York City, for complainant.

Iselin, Riggs & Ferris, of New York City (Enos Throop Geer, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The suit is for infringement of copyright. The motion is by the defendant to dismiss the amended bill for insufficiency.

In the amended bill the plaintiff alleges that it publishes a trade magazine, "Wire and Wire Products"; that in the issue for September, 1935, it published an article written by one McCarthy, of great interest to persons in the wire industry; that this issue was duly copyrighted by the plaintiff pursuant to the Copyright Act, as amended (17 U.S.C.A. § 1 et seq.). It is alleged that the plaintiff was the proprietor of the article at the time of copyright, proprietorship having been acquired in this way: McCarthy wrote the article and read it at a convention of the Wire Association," and complainant's publication, being the official publication of the Wire Association, was given the exclusive right to publish Mr. McCarthy's paper." There is also pleaded a resolution adopted by the board of directors of the Wire Association. The resolution is verbose, but its essence is that the plaintiff should have "exclusive pub-

lication" of all papers submitted by members of the association and others for presentation and discussion at meetings "the title to the papers to be vested in the Wire Association—all papers to be copyrighted by Wire and Wire Products in the name of that publication."

The amended bill then goes on to charge that the defendant published the McCarthy article in its magazine, "The Iron Age," subsequent to the plaintiff's publication and copyright. Injunction and damages are demanded.

■ The defendant's argument is that the amended bill does not show the plaintiff's proprietorship of the copyrighted article. Under the Copyright Act (section 8), the persons entitled to copyright are "the author or proprietor," or executors, administrators, or assigns. 17 U.S.C.A. § 8. "Proprietor" is the equivalent of "assign"; a "proprietor" must trace title from the author. Mifflin v. R. H. White Co., 190 U. S. 260, 23 S.Ct. 769, 47 L.Ed. 1040; Public Ledger Co. v. New York Times, 275 F. 562 (D.C.N.Y.), affirmed (C.C.A.) 279 F. 747. And, in pleading a case of infringement, the plaintiff must show title, not merely by broad allegation of proprietorship, but by setting forth facts which indicate how he became proprietor. Bosselman v. Richardson, 174 F. 622 (C.C.A.2); Crown Feature Film Co. v. Levy, 202 F. 805 (D.C.N.Y.).

■ The point pressed is that the resolution passed by the directors of the Wire Association shows on its face that the plaintiff obtained no more than an exclusive license to publish. It is said, and correctly, that a mere licensee is not a proprietor and has no right to take out copyright. Fraser v. Yack, 116 F. 285 (C.C.A. 7); Saake v. Lederer, 174 F. 135 (C.C.A. 3); Public Ledger v. New York Times, supra. If the resolution read that the plaintiff should have the exclusive right of publication, title to remain in the Wire Association, and stopped there, the resolution would confer nothing but a license, and the authorities relied on by the defendant would be controlling. But the resolution goes on to provide that all articles be copyrighted by the plaintiff's publication in its own name. The resolution

is awkwardly worded. But the meaning must be that the plaintiff is to take out copyright in its own name, for the protection both of the association as general owner and of itself as publisher. A copyright so taken out is valid; the holder of the legal title being treated as a trustee for his predecessor as to a partial interest in the copyright. Press Pub. Co. v. Falk, 59 F. 324 (C.C.N.Y.) Harper & Bros. v. M. A. Donohue & Co. (C.C.) 144 F. 491, affirmed Donohue & Co. v. Harper Bros., 146 F. 1023 (C.C.A.7); Ford v. Charles E. Blaney Amusement Co., 148 F. 642 (C.C. N.Y.); 13 Corpus Juris, p. 1048. In Harper & Bros. v. M. A. Donohue & Co., supra, the contract from which the plaintiff derived its rights was quite similar to this resolution. There is nothing extraordinary in the owner of a production authorizing another to obtain copyright on it, to be held for joint benefit. Harms & Francis, Day & Hunter v. Stern, 229 F. 42 (C.C.A.2), reversed on other grounds in (C.C.A.) 231 F. 645; Maurel v. Smith, 271 F. 211 (C.C.A.2); Bisel v. Ladner, 1 F.(2d) 436 (C.C.A.3); I am of opinion that the pleading shows a devolution from the association to the plaintiff sufficient to warrant the latter's copyright.

■ But the amended bill is weak on tracing transfer from McCarthy to the association. McCarthy was the author, and no one may have valid copyright on the article except by virtue of authority from him. The allegation that McCarthy read the article at the meeting of the association and that the plaintiff's magazine as the official publication of the association "was given" the exclusive right to publish will not do. The pleaded resolution of the directors of the association will not do. So far as taking title from McCarthy is concerned, it is only a self-serving declaration of an alleged assignee. The amended bill nowhere alleges that McCarthy assented to the terms of the resolution or even had notice of its existence.

The amended bill fails to show how proprietorship of the article passed from the author to the Wire Association and is defective on this point. The motion to dismiss will be granted, with leave to amend within twenty days.