### KAPLAN v. FOX FILM CORPORATION.

District Court, S. D. New York.
May 4, 1937.

David Marshall Holtzmann, of New York City, for complainant.

Edwin P. Kilroe, of New York City (Julian T. Abeles and L. Lawrence Green, both of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The suit is for infringement of statutory copyright. The present motion is by the defendant to dismiss the bill as insufficient on its face.

The bill alleges that the Theatre Magazine Company formerly published the Theatre Magazine, that it caused the August, 1929, issue of the magazine to be copyrighted by registry and deposit of two copies and by notice of copyright on the issue itself, thereby obtaining copyright as to each part of the contents of the issue; that the Theatre Magazine Company later assigned to the plaintiff its copyright in the cover design of the issue, said cover design having been conceived and painted by one Durenceau; that Durenceau also assigned to the plaintiff all his rights in the

cover design; that the defendant infringed the copyright by using the cover design as a scenic effect in a motion picture produced by it. Injunction and accounting for profits are demanded.

The defendant's argument is that the bill fails to show that the plaintiff owns the alleged copyright, and this for two reasons: (1) That it is not shown that the Theatre Magazine Company was the author or proprietor of the cover design when it went through the motions of taking out copyright; (2) that it is not shown that the plaintiff as assignee of the Theatre Magazine Company and of Durenceau acquired copyright of the cover design.

1. The first objection is a sound one. The bill shows that Durenceau created a picture, that the magazine company used the picture on the cover of the magazine and took out copyright on the magazine. It is not pleaded that the magazine company acquired Durenceau's rights in the picture prior to taking the necessary steps to get statutory copyright; it is not even pleaded broadly that the magazine company was then the proprietor of the picture. For all that appears in the bill, Durenceau still owned the picture and the magazine company had no lawful interest in it when copyright on the contents of the magazine was taken out.

Under the Copyright Act the persons entitled to copyright are "the author or proprietor." 17 U.S.C.A. § 8. In a bill for infringement the plaintiff should show title by pleading authorship or proprietorship, and if the alleged title be by proprietorship the plaintiff should plead facts which trace how he became proprietor. Bosselman v. Richardson, 174 F. 622 (C.C. A.2); Crown Feature Film Co. v. Levy, 202 F. 805 (D.C.N.Y.); Quinn-Brown Publishing Corporation v. Chilton Co., 15 F. Supp. 213 (D.C.N.Y.). This is as true of a component part of a periodical as of any other case of copyright. When a periodical contains articles or pictures made by persons who have not transferred their rights to the publisher, the publisher's copyright of the periodical does not cover them. Mail & Express Co. v. Life Publishing Co., 192 F. 899 (C.C.A.2). The link from the artist to the publisher being missing from the chain of title pleaded, the bill is defective. Mifflin v. R. H. White Co., 190 U.S. 260, 23 S.Ct. 769, 47 L.Ed. 1040.

2. The second objection is on the alleged link from the magazine company to the plaintiff. The defendant's premise is that when a publisher acquires copyright on the entire contents of a magazine, he cannot make a valid assignment of copyright covering a single picture or article in the magazine. The argument is that the copyright on the contents is solid and indivisible so far as the owner's right to transfer copyright goes. This argument cannot be accepted.

The usual method of acquiring statutory copyright on a contribution to a periodical is by the publisher taking copyright on the entire periodical. The Copyright Act in section 3 (17 U.S.C.A. § 3) provides for this:

"The copyright provided by this title shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this title."

The provision that the copyright on the periodical shall give to the proprietor "all the rights in respect thereto which he would have if each part were individually copyrighted under this title" makes the publisher's position the same as if he had taken out separate copyright on each picture and article contained in the periodical. It follows that the publisher may make valid transfer of copyright on one picture in the periodical, keeping for himself the copyright on all other contents of the periodical. Even under the statutes prior to the 1909 act, with nothing so explicit as the present section 3, the court in Dam v. Kirk La Shelle Co., 175 F. 902, 41 L.R.A.(N.S.) 1002, 20 Ann.Cas. 1173 (C.C.A.2), took it for granted that an assignment by the publisher covering one story in a magazine was valid.

The defendant's argument is built on the line of cases to the effect that a copyright may not be split up into parts corresponding to the various rights and privileges covered by it, such as the right to publish in book form, the right to dramatize, and so on, and so be partially assigned; that what is granted in such cases is only a license for the particular right. New Fiction Pub. Co. v. Star Co., 220 F. 994 (D.C.N.Y.); Public Ledger v. New York Times, 275 F. 562 (D.C.N.Y.), affirm-

ed 279 F. 747 (C.C.A.2). That such is the law is undoubted, but there is no analogy between those cases and the situation where a publisher of a magazine who has taken out copyright on the contents of an issue assigns to another the entire copyright on one picture or one article appearing in the issue.

The defendant also has an unreported case, Cunningham v. Douglas, decided April 14, 1933, by the District Court in Massachusetts.[1] There the plaintiff wrote a story which he sold to a magazine company. The magazine company took out copyright on the issue which contained the story and later assigned the copyright on the story to the plaintiff. It was held that the copyright on the contents of the issue was indivisible and that since the publisher did not assign the copyright on the entire issue the plaintiff was only a licensee and could not maintain suit for infringement. With deference I cannot follow that decision.

On the ground first discussed, however, the motion to dismiss will be granted, with leave to file an amended bill within twenty days.

[1] No opinion for publication.