## FOREIGN & DOMESTIC MUSIC CORPORATION et al. v. TWENTIETH CENTURY–FOX FILM CORPORATION et al.

District Court, S. D. New York.
June 21, 1937.

Henry Pearlman, of New York City, for complainants.

Edwin P. Kilroe, of New York City, for defendants Twentieth Century-Fox Film Corporation and Movietone Music Corporation.

HULBERT, District Judge.

Twentieth Century-Fox Film Corporation and Movietone Music Corporation move to dismiss the complaint: (a) For lack of jurisdiction of the subject-matter, and (b) for insufficiency on the face thereof.

The action is at law for: (1) Infringement of copyright, and (2) unfair competition.

There is not complete diversity of citizenship.

In the first cause of action it is alleged that Cesare Andrea Bixio is a resident, citizen, and subject of the Kingdom of Italy and composed a musical composition entitled Passa L'Amore with dialogue and lyrics in Italian.

Societa Anonima Musicale Bixio, an Italian corporation, caused said musical composition to be published and copyrighted under the laws of Italy and thereafter deposited in the office of the Register of Copyrights at Washington, D. C., one complete copy of the best edition of the same and

received Certificate of Copyright, Registration No. 40539, Class E.

Subsequently, Foreign & Domestic Music Corporation, organized under the laws of the state of New York and resident in this District, caused an English translation of the composition and title "Love Passes" to be published and applied for and received Certificate of U. S. Copyright, Registration No. 50477, Class E.

It is then charged that Movietone (and other defendants not before the court on this motion) unlawfully published a musical composition entitled "Midnight in Paris" alleged to be an infringement of "Passa L'Amore" or "Love Passes" and that Twentieth Century-Fox Film Corporation unlawfully used "Midnight in Paris" in its production of a motion picture film entitled "Here's to Romance."

It is also alleged that Foreign & Domestic Music Corporation and Samuel Cummins were, and still are, the exclusive agents, exclusive licensees, and exclusive distributors of the musical composition and publications of the said Societa Anonima Musicale Bixio and Cesare Andrea Bixio in and for the continents of North America and South America, and with the right and authority vested in them to take all necessary steps deemed necessary by said Foreign & Domestic Music Corporation and Samuel Cummins for the protection of the rights of Italian plaintiffs.

The second cause of action reiterates the acts previously complained of as constituting unfair business practices and unfair competition and plaintiffs demand judgment in the sum of $1,000,000.

Under the provisions of section 8 of the Copyright Law (17 U.S.C.A. 1, et seq.), a copyright may be obtained only by the author or proprietor, or his executors, administrators, or assigns.

"Proprietor" is the equivalent of "assign." A proprietor must trace his title from the author. Quinn-Brown Publishing Corporation v. Chilton Co., Inc. (D.C.) 15 F.Supp. 213, and cases therein cited at page 214.

There are no facts alleged to show if, when, and how Bixio transferred title to Societa Anonima Musicale Bixio. Moreover, it appears from a copy of the musical composition attached to the complaint that only the music is by Cesare Andrea Bixio and the verse is by Bixio Cherubini, not a party to the action.

Section 8 further provides:

"The copyright secured by this title shall extend to the work of an author or proprietor who is a citizen or subject of a foreign State or nation only: * * *

"(b) When the foreign State or nation of which such author or proprietor is a citizen or subject grants, either by treaty, convention, agreement, or law, to citizens of the United States the benefit of copyright on substantially the same basis as to its own citizens, or copyright protection, substantially equal to the protection secured to such foreign author under this title or by treaty; or when such foreign State or nation is a party to an international agreement which provides for reciprocity in the granting of copyright, by the terms of which agreement the United States may, at its pleasure, become a party thereto.

"The existence of the reciprocal conditions aforesaid shall be determined by the President of the United States, by proclamation made from time to time, as the purposes of this title may require: Provided, however." (The amendment of Dec. 18, 1919 (17 U.S.C.A. § 8), is not deemed pertinent).

Defendants urge that the complaint must allege the existence and recognition by proclamation of a treaty between Italy and United States to make subdivision (b) effective.

While the Copyright Act (as amended, 17 U.S.C.A. § 1 et seq.) should be liberally construed with a view to protecting the just rights of authors and encourage the development of literature and art, and our courts may take judicial notice of Presidential Proclamations as to treaties negotiated with foreign nations (Ohman v. City of New York [C.C.] 168 F. 953, 957) nevertheless, it is not sufficient to allege generally in the bill of complaint that all legal requirements and conditions to obtain a copyright have been complied with, but the specific acts done and necessary to constitute compliance with the law must be affirmatively set forth (Ford v. Charles E. Blaney Amusement Co. et al. [C.C.] 148 F. 642), and especially should this be true in the case of an alien, who, but for special circumstances, would have no legal standing whatever. Moreover, the complaint should show that the person in whose name the copyright was obtained was the rightful owner and entitled to it. Bosselman v. Richardson, 174 F. 622 (C.C.A.2) Crown Feature

Film Co. v. Levy et al., 202 F. 805 (D.C.S. D.N.Y.)

I am aware that these cases were decided before the present copyright law became effective and I am mindful of my own admonition in Davenport Expedition v. Century Productions (D.C.) 18 F.Supp. 974, of the unreliability of many of the cases decided prior thereto as applied to the present act.

In the Bosselman Case, supra, plaintiff *alleged* and proved authorship, assignment, and compliance with the provisions of law regulating copyrights. The disposition of the case turned on the question of lack of proof of nonpublication prior to copyright (there having been an interval of thirty years) and the court held that the certificate of registration was no proof of compliance.

Section 55 of the present act (as amended, 17 U.S.C.A. § 55) (which has completely reversed the procedure of publication and filing) provides that the certificate shall be admitted in any court as prima facie evidence of the facts therein stated, and the decision in M. Witmark & Sons v. Calloway et al. (D.C.) 22 F.(2d) 412, seems to have lead to considerable confusion as to the necessity of *alleging* title by which the certificate is presumptive proof, but does not dispense with the necessity for the allegation thereof. On the contrary, it is an added reason for requiring him to set forth in his allegations with definiteness and certainty the essential facts because, if the defendant has the burden of going forward, he should be put on notice thereof.

Section 12 of the Copyright Act (as amended, 17 U.S.C.A. § 12) also provides, in part:

" * * * or if the work is by an author who is a citizen or subject of a foreign State or nation and has been published in a foreign country, one complete copy of the best edition then published in such foreign country" may be deposited in the office of the Register of Copyrights, instead of two.

Here, again, the complaint should allege the facts so that the defendant may determine whether to seek, and offer, if obtainable, proof to overcome the certificate of registration.

Certainly the complaint sets forth no cause of action so far as the Foreign & Domestic Music Corporation and Cummins is concerned.

■ If the first cause of action were sustained, the second cause of action would stand, but in view of the disposition made of the first cause of action, under the authority of Hurn et al. v. Oursler et al., 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the second cause of action must fall.

Motion is therefore granted, but with leave to the plaintiffs to serve an amended complaint within twenty days after the service of the order to be entered herein to be settled upon two days' notice, if not agreed upon as to form.