**BOBRECKER v. DENEBEIM et al.**
**No. 2997.**

District Court, W. D. Missouri, W. D.

Nov. 3, 1938.

Thomas E. Scofield and Henry L. Shenier, both of Kansas City, Mo., for plaintiff.

Rosenberg & Brenner, of Kansas City, Mo., for defendants.

REEVES, District Judge.

The opinion in the above matter dated October 29, 1938, is withdrawn. Immediately upon its delivery my attention was called to the opinion of the Supreme Court in Mumm v. Decker & Sons, 301 U.S. 168, 57 S.Ct. 675, 81 L.Ed. 983.

This opinion directly overruled the opinion of the Circuit Court of Appeals in the same case and found in 8 Cir., 86

F.2d 77. In my opinion I had relied on the opinion of the Circuit Court of Appeals. Both the litigants contend that the principle announced in the Mumm Case does not apply in the case being considered.

As stated in the original opinion, the defendants ask for a dismissal of the petition upon the several grounds: (1) Failure to show a derivation of ownership in plaintiff; (2) the absence of an averment as to the originality and copyrightability of the label; and (3) neglect on the part of plaintiff to attach to said bill or include therein a copy of his label and his failure to explain its absence. These will be considered in their order:

1. The plaintiff alleges substantially that he is the owner and proprietor of the label in controversy, and that he brought about its registration, and that in all things he complied with the law in reference thereto.

Notwithstanding the insistence of able counsel on both sides, I am strongly of the opinion that the ruling in Mumm v. Decker & Sons, supra, directly applies. Heretofore, in patent and copyright cases, it was necessary to plead extensively the derivation of ownership and the compliance with condition precedent. While the Decker Case applies specifically to a patent infringement suit, yet, nevertheless, it makes effective former Equity Rule 25, 28 U.S.C.A. following section 723, relating to the general subject of Pleadings, and, if applicable in the patent suit, it would become equally applicable in the copyright suit.

Rule 8 of the New Rules for Civil Procedure, 28 U.S.C.A. following section 723c, provides what the contents of a petition shall be, whether at law or in equity. The basis of the suit shall be: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief."

■ The bill in the present case conforms to that rule. The plaintiff says that he is the owner and proprietor of a registered label, and that it has been infringed by defendants. This states a cause of action.

By subdivision (e) of Rule 12: "Within 20 days after the service of the pleading upon him, a party may move for a more definite statement or for a bill of particulars of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading, or to prepare for trial."

■ If, therefore, the defendants are entitled to any of the relief suggested in their motion, a motion for a bill of particulars would elicit the information. It is my opinion that a bill of particulars should not be required. An issue on plaintiff's rights can be raised by appropriate answer.

■ Each of the cases cited by the parties has been examined. The case of Foreign & D. M. Corporation v. Twentieth Century-Fox Corporation, 19 F.Supp. 769, by the District Court of Southern New York, is the strongest case in support of defendant's contention. The principles announced in the case are not applicable here for the reason that there was a confusion in the averments of the petition in that case. After alleging a part derivation of the title the plaintiff apparently neglected to complete his chain by appropriate reference to original owners or that through mesne and intermediate conveyance plaintiff acquired ownership. That opinion, too, was prepared before the New Rules of Civil Procedure became effective. These rules, as it is understood, are designed to simplify proceedings and to avoid controversies such as the one here present. It should now be briefly pointed out how the courts have been confused on proper pleadings in patent and copyright cases.

For instance, in Crown Feature Film Co. v. Levy et al., D.C., 202 F. 805, the district judge dismissed a bill or sustained a demurrer because the plaintiff had failed to "show how he became proprietor and why he has the right to bring the action." [Page 806.] In support of his decision he cited, among others, Bosselman v. Richardson, 2 Cir., 174 F. 622. Adverting to that case, it is observed that the Circuit Court of Appeals, Second Circuit, considered the case on its merits and treated only the matter of the burden of proof. The judgment upon a verdict against the defendant was in the sum of $20,000. The court said [page 623]: "A great many exceptions were taken at the trial, which have been argued in this court, only two of which we think it necessary to consider, viz., that the complaint should have been dismissed on the ground, first, that there was no proof that Richardson, Sr., was the author of the pictures; second, that there was no proof that he had not published them before copyright. Upon this latter point the trial judge held that the burden lay upon the defendant to prove publication before copyright, and not upon the plaintiff to prove nonpublication."

The Circuit Court of Appeals held the testimony insufficient and reversed the case.

In Berlin v. Evans, 300 F. 677, it was suggested in a District Court opinion that Bosselman v. Richardson, supra, and like cases, were determined prior to the copyright law of 1909, 17 U.S.C.A. § 1 et seq., and were inapplicable. In Foreign & D. M. Corporation v. Twentieth Century-Fox F. Corporation, supra, 19 F.Supp. 771, District Judge Hulbert said in reference to the same cases: "I am aware that these cases were decided before the present copyright law became effective and I am mindful of my own admonition in Davenport Expedition v. Century Productions (D.C.) 18 F.Supp. 974, of the unreliability of many of the cases decided prior thereto as applied to the present act."

The Second Circuit Court of Appeals, in Danks v. Gordon et al., 272 F. 821, loc. cit. 824, said that in an action for infringement of copyright, "Plaintiff's bill must show title in the plaintiff to the relief sought," and that this must be done "not merely by an allegation that he is the proprietor but by setting forth facts which show how he became proprietor and why he has the right to bring the action." Reliance was entirely upon the ruling made in Crown Feature Film Co. v. Levy, et al., supra, and Bosselman v. Richardson, supra.

Curiously enough, Judge Rogers, who prepared the opinion for the Second Circuit Court of Appeals in the above case, filed on March 2nd, 1921, wrote the opinion in American Code Co. v. Bensinger, 2 Cir., 282 F. 829, filed June 23, 1922, approximately fifteen months later, and, in considering the identical subject in an infringement case, said in relation to the averments as to ownership in discussing the bill or petition [page 836]: "It alleges title in the complainant, and in its amended form that it is still the owner of the copyright. It is not necessary to allege the various steps by which the plaintiff became the proprietor of the work."

In Hoague-Sprague Corporation v. Frank C. Meyer Co., Inc., D.C., 27 F.2d 176, the district judge for the Eastern District of New York declined to sustain a similar motion on similar grounds. The judge said [page 177]:

"The complaint sets forth that the label in suit was designed for hire by a designer, and was thereupon published with a copyright notice. It also sets forth that the plaintiff has complied with the existing acts of Congress. The defendant charges that this is entirely inadequate; that the complaint should contain an allegation, in order to make it sound, that the label registered contains copyright subject-matter or is original work such as would constitute same. * * *

"In my opinion, while it would not be out of place to make the allegation, it does not seem to me that its absence, in view of equity rule 25, constitutes a material defect."

The court overruled the motion to dismiss upon the ground stated.

In M. Witmark & Sons v. Calloway, D. C., 22 F.2d 412, Judge Hicks, now on the Circuit Court of Appeals, Sixth Circuit, while a district judge in the Eastern District of Tennessee, in considering only a question of proof, said [page 413]: "There was introduced at the hearing a certificate of copyright registration under seal of the copyright office for this song, showing the copyright in the name of plaintiff. This certificate is prima facie evidence of the facts stated therein. * * * There is nothing to contradict it, and it is therefore sufficient proof to establish a valid copyright in the plaintiff. Berlin v. Evans (D.C.) 300 F. 677. The rule was different before the Copyright Act of 1909. Bosselman v. Richardson (C.C. A.) 174 F. 622; Lederer v. Saake (C.C.) 166 F. 810. The plaintiff, being the proprietor of the copyright, had 'the exclusive right * * * (e) to perform the copyrighted work publicly for profit, if it be a musical composition and for the purpose of public performance for profit."

■ 2. The foregoing discussion with authorities is sufficient to decide the second point raised by the defendants. The subject matter of the suit is a label. It was registered in accordance with Section 63, Title 17 U.S.C.A., and, as stated in the foregoing authorities, the presumptions are that it had such originality and copyrightability as would be required under this specific section.

■ 3. The last point which calls for a copy of the infringed label or an explanation as to its absence is met by the profert contained in plaintiff's petition.

In view of the foregoing, the motion to dismiss should be denied, and the defendants will be given ten days within which to plead further. It is so ordered.