GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
The beginning and the ending of this story are undisputed. Max Fleischer created the lovable character Betty Boop in the 1930s. In 1941, he sold to Paramount Pictures the copyright to certain cartoons and to the character Betty Boop herself. Max Fleischer died in 1972.
After Fleischer’s death, some of his descendants incorporated Fleischer Studios, which is Plaintiff here. Part of Plaintiffs plan was to bring back into circulation the character Betty Boop. Carrying out that plan, Plaintiff purchased the rights to Betty Boop from various entities in the 1980s and 1990s. When Defendants began sell *969 ing Betty Boop merchandise, Plaintiff brought this action alleging, among other things, copyright infringement.
Plaintiff must establish the chain of title of the copyright to the character Betty Boop. It is undisputed that Paramount owned the copyright as of 1941. The dispute focuses on the chain of title between Paramount and Plaintiff. In the district court, Plaintiff argued, primarily, that Paramount sold the copyright in 1955 to UM & M TV Corporation, which eventually sold it to Plaintiff. Plaintiff argued, alternatively, that even if Paramount did not sell the copyright to UM & M, Paramount sold the copyright in 1958 to Harvey Films, which eventually sold the copyright to Plaintiff. In other words, one chain of title leads through UM & M and another leads through Harvey Films, but both paths lead to Plaintiff.

A.The District Court’s View: Copyright Transferred to UM & M

The district court held that Paramount sold the copyright to UM & M in 1955. The district court held, however, that the pos1>-l950s link between UM & M and Plaintiff was broken, largely because of the court’s evidentiary rulings. Plaintiff appealed.
On appeal, Plaintiff made precisely the arguments one would expect: The district court erred in its evidentiary rulings and in its conclusion that the link between UM & M and Plaintiff was broken. In their answering brief, Defendants defended the district court’s holdings on those points. In my view, Plaintiff is correct that the district court erred. For example, the relevant statements in the 1997 settlement agreement qualify as an exception to hearsay under Federal Rule of Evidence 808(15) and establish the link between UM & M and Plaintiff.
In sum, if the copyright transferred to UM & M, Plaintiff prevails.
B. Defendants’ New Theory: Copyright Transferred to No One
Defendants also raised an entirely new theory. They argued that the district court erred in concluding that Paramount sold the copyright to UM & M. Defendants argued that, because of the doctrine of indivisibility, the copyright passed neither to UM & M nor to Harvey Films; instead, the copyright entered the public domain by virtue of Paramount’s failure to renew the copyrights to certain cartoons.
Defendants’ argument fails on its own terms. Even if the doctrine of indivisibility applied, as Defendants assert, the copyright nevertheless transferred to UM & M.[1] In short, even if we accept Defendants’ premise, it does not change the result: The copyright transferred to UM & M. Because, as explained above, the copyright then passed from UM & M to Plaintiff, Plaintiff prevails.
C. The Majority’s View: Copyright Transferred to Harvey Films
The majority strikes out on its own and adopts a position rejected by the district court and advanced by neither party on appeal. The majority holds that Paramount did not sell the copyright to UM & *970 M but instead sold it to Harvey Films. See maj. op. at 964 (“Paramount transferred its Betty Boop character copyright to Harvey Films.”).[2] But the majority’s analysis stops mid-stream. Plaintiff argued, before the district court and on appeal, that if the copyright transferred to Harvey Films, then Plaintiff prevails because Harvey Films later sold the copyright to Plaintiff.
The majority inexplicably fails to respond to that theory, asserting only that Plaintiff waived the argument that it possesses the copyright via the Harvey Films chain of title. I disagree with the majority’s assertion for four reasons.
First, it is true that Plaintiff did not raise the Harvey Films chain of title in its opening brief. But its failure in that regard is perfectly understandable. The district court had ruled in Plaintiffs favor on every link in the UM & M chain except one. Plaintiff thus challenged only the portion of the district court’s opinion in which Plaintiff lost. That strategy makes particular sense because Defendants had never before advanced the argument made in their answering brief. Furthermore, after Defendants did advance a new argument, Plaintiff immediately retorted, in its reply brief, that even if the doctrine of indivisibility applied, Plaintiff prevails via the Harvey Films chain of title.[3] I see nothing to be gained from encouraging litigants to protect against the waiver doctrine by asserting, pro forma, in their opening briefs any and all possible theories of victory, in the possible event that the opposing party will raise a completely new argument in its answering brief.
Second, the majority uses the waiver doctrine as both a sword and a shield. Immediately after holding that Plaintiff waived this argument, maj. op. at 964-65, the majority excuses Defendants from having failed to raise a “doctrine of indivisibility” argument, on the ground that Plaintiff waived the waiver, id. at 965. It is unclear to me why similar reasoning does not apply to the majority’s theory of the case, because the majority adopts a theory advanced by neither party on appeal. That is, an argument advanced before the district court and on appeal is ignored, while a wholly new theory advanced by neither party prevails.
Third, as a matter of discretion, I would reach the Harvey Films chain of title. The basic question raised by this appeal is the ownership of the copyright. I see nothing to be gained, and no unfair advantage to be conferred, by resolving this issue to the present day, rather than arbitrarily stopping our analysis as of the 1950s.
Finally, if we are to adhere strictly to the doctrine of waiver, then I would ad *971 dress only the issues raised by the parties. Plaintiff argues that the district court erred in its analysis of the UM & M chain of title. I agree. Defendants argue that the copyright transferred to no one. I, as does the majority, disagree. If we were to address only the parties’ arguments, we would stop there. I would not reach the line of reasoning invented by the majority.
In conclusion, the majority adopts a theory rejected by the district court and advanced by neither party on appeal. Worse still, the majority answers only half of the issue, by failing to explain what happened to the copyright after it transferred to Harvey Films in the 1950s.
D. Conclusion
If the copyright transferred to UM & M, as the district court held, then Plaintiff prevails because UM & M sold the copyright to Plaintiff. If the copyright transferred to Harvey Films, as the majority holds, then Plaintiff prevails because Harvey Films sold the copyright to Plaintiff. There is no support for the novel argument advanced by Defendants that the copyright transferred neither to UM & M nor to Harvey Films. Accordingly, I would reverse the district court’s grant of summary judgment to Defendants on the copyright claim.[4]

. Because the majority, too, rejects Defendants’ argument, I do not explain in detail how the doctrine of indivisibility would operate. Briefly, Defendants’ explanation for how the doctrine would operate would be contrary to the parties' subsequent conduct, whereas an alternative interpretation is consistent with the parties’ subsequent conduct and leads to the conclusion that the copyright transferred to UM & M. See Wolkowitz v. FDIC (In re Imperial Credit Indus., Inc.), 527 F.3d 959, 966 (9th Cir.2008) ("As with any contract, our goal is to give effect to the mutual intent of the parties ... [which permits examination of] the subsequent conduct of the parties.”).

. The majority reaches that result by concluding that the doctrine of indivisibility does not apply in these circumstances. I am uncertain whether the doctrine of indivisibility applies here. Compare Kaplan v. Fox Film Corp., 19 F.Supp. 780, 781-82 (S.D.N.Y.1937) (stating that indivisibility does not apply in circumstances similar to the circumstances here), with Silvers v. Sony Pictures Entm’t, Inc., 402 F.3d 881, 886 (9th Cir.2005) (en banc) (suggesting that indivisibility applied before the 1976 change in copyright laws). Even if the majority is correct, however, Plaintiff nevertheless prevails for the reasons stated in text.

. The background rule is that we may affirm the district court on any ground supported by the record. Quan v. Computer Scis. Corp., 623 F.3d 870, 878 (9th Cir.2010). Accordingly, when the appellant argues that the district court erred at a particular step in the analysis, the appellant reasonably may rely on the district court’s rulings in its favor on the other steps in the analysis. If the appellee then asserts that the district court erred at one of those steps, the appellant is free to respond that it wins even under the theory advanced by the appellee. A contrary rule would lead, as noted in text, to formalistic and repetitive briefing by the appellant.

. I do not disagree with the majority’s analysis of the trademark issue. But the trademark and copyright claims are related. Because of the potential interplay between the doctrines, the district court ruled on the trademark claims only after it had rejected Plaintiff's copyright claim. In light of the district court's errors concerning the copyright claim, I would vacate the district court’s trademark decision and remand for reconsideration, if necessary, in light of the correct copyright analysis.