BOBBS-MERRILL CO. v. UNIVERSAL FILM MFG. CO. et al.

(Supreme Court, Special Term, New York County. May 4, 1916.)

1. COPYRIGHTS ⬳50—EQUITY JURISDICTION—BREACH OF CONTRACT FOR LICENSE TO USE COPYRIGHT.

Where plaintiff has undertaken to declare a contract for license to make photoplays from its books at an end for failure to produce the photoplays within the time limit contained in the agreement, its rights have not ceased to be contractual, nor are they based upon the federal Copyright Act (Act March 4, 1909, c. 320, 35 Stat. 1075), and a court of equity will have jurisdiction to declare the agreement terminated.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 47, 49; Dec. Dig. ⬳50.]

2. COPYRIGHTS ⬳50—BREACH OF CONTRACT FOR LICENSE TO USE COPYRIGHT—TEMPORARY INJUNCTION.

Under such circumstances, the plaintiff may in a proper case have an injunction to restrain the defendant from exercising or asserting any rights under the contract in the meantime.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 47, 49; Dec. Dig. ⬳50.]

3. COURTS ⬳189(4)—FEDERAL COURTS—EXCLUSIVE JURISDICTION—INFRINGEMENT OF COPYRIGHTS.

An equity court has no jurisdiction to issue a permanent injunction against the infringement of a copyright, over which the federal courts have exclusive jurisdiction, although the controversy arose over breach of a contract for use of the copyright.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1330; Dec. Dig. ⬳489(4); Copyrights, Cent. Dig. § 67.]

4. COPYRIGHTS ⬳50—CONTRACT FOR LICENSE TO USE COPYRIGHT—CONSTRUCTION—TIME OF THE ESSENCE.

Where a contract provided for sale of right to produce photoplays from plaintiff's books, in consideration of royalties, with cash payment in advance, defendant agreeing to produce the photoplays within nine months from the date of the agreement, time was of the essence of the agreement, although not expressly made so, and failure to produce within nine months, or make additional payment for an extension, was a breach, justifying plaintiff in declaring the contract at an end, since this is not a case where plaintiff is asking the court to decree the forfeiture, which equity abhors, but indicates a determination of defendant to expropriate defendant's property without compensation.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 47, 49; Dec. Dig. ⬳50.]

Motion for injunction pendente lite by the Bobbs-Merrill Company against the Universal Film Manufacturing Company and another. Motion granted.

Cornell, Lockwood & Jeffery, of New York City (John L. Lockwood, of New York City, of counsel), for plaintiff.

Stanchfield & Levy, of New York City (Siegfried F. Hartman, of New York City, of counsel), for defendant Universal Film Mfg. Co.

Siegfried F. Hartman, of New York City, for defendant Universal Film Exchange of New York.

BIJUR, J. This is an application for an injunction based upon the following facts: On May 10, 1915, the plaintiff and the defendant

Manufacturing Company entered into an agreement whereunder the former licensed the latter to make photoplays or motion pictures from three books. The rights in this respect were owned by the plain-tiff. The defendant agreed to pay a percentage of the receipts by way of royalty for the production or performance of the plays, and paid plaintiff $1,500 "as advancement on royalties to accrue * * * and not to be returnable in any event." The defendant also agreed "to produce the said photoplays within 9 months from the signing of this agreement." Within that period, however, none of the plays had been produced, although one was produced some 18 days later. The other two, according to defendant, are not yet dramatized; the delay being explained as due to the difficulties of preparing an appropriate scenario and also in part to weather conditions at the defendant's open-air studio.

[1-3] Defendant urges that it has spent $25,000 in producing the one play, and refers to the fact, also, that plaintiff insists on the pay-ment, I think, of some $500 for each of the books as a further advance on royalties for an extension of time to defendant. The complaint alleges ownership in the plaintiff of the rights granted to defendant, the terms of the agreement, payments of the advance royalties, and the failure of defendant to produce the plays within the time limited; also the fact that the plaintiff notified the defendant, after the lapse of the fixed time, that all its rights and title under said contract had been terminated, as provided by the contract, but that the defendant threatens and intends to produce the play which is finished, and to make and produce plays from the other two books; that the damage is irremediable; and prays judgment that the contract be declared forfeited, and that defendants be enjoined from exercising or asserting any rights under the same, and that pending the granting of such judg-ment there be an interlocutory injunction.

Defendants' contention, as I understand it, is twofold: First, that the contract having been terminated by the notice given by plaintiff, hereinabove referred to, its rights as against the defendant have ceased to be contractual and are based upon the federal Copyright Laws, of which our state courts have no jurisdiction; second, that this suit is an attempt by plaintiff to enforce a forfeiture to which equity will not lend its aid.

As to the first point, it seems to me that Saltus v. Belford Co., 133 N. Y. 499, 31 N. E. 518, and Hyatt v. Ingalls, 124 N. Y. 93, 26 N. E. 285, are determinative in plaintiff's favor (see also Hartell v. Tilghman, 99 U. S. 547, 25 L. Ed. 357). This is not a case wherein the plaintiff, having rightfully rescinded an agreement, proceeds as though such agreement no longer existed, but one in which the plaintiff has undertaken to declare a contract at an end, as provided in its terms, for breach thereof by the defendant, and in which the defend-ant, refusing to acquiesce in such termination, persists in the asser-tion and exercise of his rights thereunder. In such a case plaintiff may properly appeal to a court of equity for an adjudication that the agreement is terminated, and may, in a proper case, have an injunction to restrain the defendant from exercising or ascertaining any rights

thereunder in the meantime. So much of the prayer for relief as seeks for a permanent injunction must, of course, be disregarded. The equitable jurisdiction in cases of this kind is not open to question. See, also, Town of Venice v. Woodruff, 62 N. Y. 462, 20 Am. Rep. 495.

Defendant lays much stress on Schalkenbach v. Nat. Ventilating Co., 129 App. Div. 389, 113 N. Y. Supp. 352; but, while there are phrases in the opinion in that case which, if separated from their context, might lend color to defendant's contention, it is quite evident that the decision in that case turned upon the fact that plaintiff had not shown its right to any relief. The reference to plaintiff's possible position from the point of view that the contract had actually been terminated, in the sense of having come to an end as of right or by mutual concession, is manifestly made merely arguendo.

[4] Nor do I find greater merit in defendant's second point that plaintiff is asking the interposition of a court of equity to decree a forfeiture. This is not a case where the plaintiff is seeking to forfeit or terminate defendant's estate by reason of a mere technical breach or failure to meet some obligation strictly at a point of time which is comparatively immaterial in the performance of the agreement. Although time is not by the terms of the contract in this case made of the essence thereof, it is manifestly so from the very subject-matter of the agreement. Plaintiff's royalties depend upon the production of the plays, and the longer their production is delayed the less in point of substance will be the plaintiff's returns. The situation disclosed has thus, to my mind, none of the elements of that "forfeiture" which equity abhors, but partakes rather of the nature of defendant's determination to expropriate plaintiff's property and retain it without compensation. Indeed, defendant's complaint that plaintiff refuses to grant an extension of time without an additional payment indicates that plaintiff is not insisting on a forfeiture. Defendant's refusal to meet this apparently reasonable request shows that it is not even willing to do that which is equitable or fair to protect its interests in the agreement.

It is sought by plaintiff to hold the other defendant, which is actually producing or threatening to produce the plays, respectively, on the ground that it had and has full knowledge of the contract, the terms thereof, and all the material facts involved in this controversy. I find that the moving papers sufficiently prove such knowledge, and that a temporary injunction should be granted as to both defendants.

Motion granted, with $10 costs.