GEORGE M. COHAN, Respondent, v. ROBBINS MUSIC CORPORATION, Appellant.

First Department, June 14, 1935.

*Julian T. Abeles* of counsel [*Leopold Bleich* with him on the brief; *Julian T. Abeles*, attorney], for the appellant.

*Benjamin Pepper* of counsel [*Edward C. Raftery* with him on the brief; *O'Brien, Driscoll & Raftery*, attorneys], for the respondent.

MERRELL, J. This action is brought by plaintiff as the author and owner of five musical compositions which plaintiff alleges the defendant, without authority or consent of the plaintiff, printed and published and over which it otherwise exercised rights of ownership. Plaintiff sues on *quantum meruit* for the unauthorized use by defendant of said musical compositions. The defendant moved under rule 107 of the Rules of Civil Practice upon the com-

plaint and upon the affidavit of the attorney for defendant herein appearing specially for the purpose of making the motion, to dismiss the complaint, showing that the five musical compositions in question were duly copyrighted by the copyright office of the United States of America, and that, therefore, the plaintiff is powerless to bring action in the State courts for the piracy by the defendant of said musical compositions, and that plaintiff's sole remedy is in the Federal courts for the infringement of his rights under the copyrights issued by the United States government. We think the court erred in denying the motion of the defendant, appellant, to dismiss the complaint on the ground of want of jurisdiction of the State court of the subject of the action. The defendant, appellant, was within its rights in moving upon the complaint and upon affidavits showing that the said musical compositions had been duly copyrighted. Rule 107 of the Rules of Civil Practice provides that the application shall be made upon affidavits stating the facts tending to show that the court has not jurisdiction of the subject of the action. Under the authorities the plaintiff's rights are dependent upon the copyright of said musical compositions. The plaintiff cannot have a copyright of said compositions and at the same time enforce any rights at common law in courts of this State for the unauthorized use of said compositions. (*O'Neill* v. *General Film Co.*, 171 App. Div. 854; *Jewelers' Mercantile Agency* v. *Jewelers' Pub. Co.*, 155 N. Y. 241; *Palmer* v. *DeWitt*, 47 id. 532; *Bobbs-Merrill Co.* v. *Straus*, 147 Fed. 15; affd., 210 U. S. 339.) In *O'Neill* v. *General Film Co.* (*supra*) this court wrote as follows: " It is well settled that an author or an owner of a book or play, *by publishing it, which is a condition precedent to obtaining a copyright, waives and abandons his common-law rights therein, and must thenceforth depend upon the statutory rights conferred by the acts of Congress, which give exclusive rights and provide for injunctive relief and damages, but those rights must be enforced in the Federal courts.* (*Caliga* v. *Inter Ocean Newspaper Co.*, 157 Fed. Rep. 186; affd., 215 U. S. 182; *Jewelers' Mercantile Agency* v. *Jewelers' Pub. Co.*, 155 N. Y. 241; *Photo-Drama Motion Picture Co., Inc.*, v. *Social Uplift Film Corporation*, 220 Fed. Rep. 448; Act of Congress of Mar. 4, 1909, chap. 320 [35 U. S. Stat. at Large, pp. 1075, 1080–1082, 1084], as amd. by Act of Congress of Aug. 24, 1912, chap. 356 [37 U. S. Stat. at Large, pp. 488, 489], §§ 1, 23, 25, 26, 27, 34, 35, 36, 37, 38; U. S. R. S. 1878, § 711; U. S. Comp. Stat. 1913, § 1233; Judicial Code [36 U. S. Stat. at Large, 1160], § 256.)" (Italics are the writer's.)

In *Bobbs-Merrill Co.* v. *Straus* (*supra*) the Federal court wrote (at pp. 18 and 19) as follows: " The argument of complainant rests

upon an assumed identity of common-law rights and statutory copyright. But in this view we think it is in error. ' The two rights do not co-exist in the same composition; when the statutory right begins, the common-law right ends. Both may be defeated by publication.' Drone on Copyright, 100. * * *

" The right to copyright, which exists at common law, has been superseded by statute. *Holmes* v. *Hurst*, 174 U. S. 82; 19 Sup. Ct. 606; 43 L. Ed. 904. Where the owner of the common-law copyright elects to substitute the protection of the statute for that of the common-law, he, upon publication, abandons or surrenders his common-law rights, including said right of limited publication, in exchange for the statutory right, the exclusive right to multiply copies. He ' cannot have at the same time the benefit of the copyright statute and also retain [his] common-law right. No proposition is better settled than that a statutory copyright operates to divest a party of the common-law right.' *Jewelers' Mercantile Agency* v. *Jewelers' Publishing Co.*; 155 N. Y. 241, 247; 49 N. E. 872; 41 L. R. A. 846; 63 Am. St. Rep. 666."

In *DeWitt* v. *Elmira Nobles Mfg. Co.* (66 N. Y. 459) Judge Allen, writing for the Court of Appeals (at p. 461), said: " *In substance, the allegations of the complaint are of a use of the patented invention by the defendant without the consent of, or any license or permission by, the plaintiff.* The arrangement and agreement between Watrous, the owner of the patent in common with the plaintiff, and the defendant, is not set out in the complaint, or its terms disclosed. It does not appear from any allegation, and was not claimed by the counsel for the appellant, that the latter is entitled to compensation from the defendant by the terms of that arrangement and agreement. No claim is asserted under it. The plaintiff's claim rests wholly upon the rights conferred by law upon him as an owner of an undivided interest in the patent, to recover compensation for its use to the extent of his interest, from one using it without his permission.

" *The action thus stated is simply an action for an infringement of the patent and for damages, the plaintiff waiving the tort and seeking for an accounting and to recover as upon a quantum meruit. Whatever may be his legal rights, they are not varied by a change in the form of action, and do not depend upon contract, but arise under the patent-right laws of the United States, of which the United States courts have exclusive jurisdiction.* (R. S. U. S. § 711; *Hovey* v. *Rubber Tip Pencil Co.*, 57 N. Y. 119; *Dudley* v. *Mayhew*, 3 id. 9.) The first cause of demurrer, to wit, *that the court has no jurisdiction of the subject of the action, is well assigned, and entitles the defendant to an affirmance of the judgment.*" (Italics are the writer's.)

The plaintiff assumes the ingenious attitude of claiming that he has a right to waive the tort and to recover damages based upon *quantum meruit* for the unauthorized use of said compositions by the defendant. There was no actual contract between the parties, either express or implied, and no fiduciary relationship was shown between plaintiff and defendant. We know of no case where the jurisdiction of the State courts has been sustained in the absence of some contractual or fiduciary relation between the parties. As stated by ALLEN, J., in *DeWitt* v. *Elmira Nobles Mfg. Co.* *(supra)*: " The action thus stated is simply an action for an infringement of the patent and for damages, the plaintiff waiving the tort and seeking for an accounting and to recover as upon a *quantum meruit.* Whatever may be his legal rights, they are not varied by a change in the form of action, and do not depend upon contract, but arise under the patent-right laws of the United States, of which the United States courts have exclusive jurisdiction." Whatever right of action the plaintiff has is by virtue of his copyright of the compositions in question. There was no contract between the plaintiff and the defendant permitting the defendant's publication of the compositions, nor was there any fiduciary relationship between the parties. Once the plaintiff published his work, in the absence of a copyright thereof, the same became public property, and the plaintiff would have no cause of action for the defendant's republication thereof. In *Palmer* v. *DeWitt* *(supra)* the Court of Appeals said (at p. 539): " Until published, the work is the private property of the author, wherever the common-law rights of authors are regarded. When once published, with the assent of the author, it becomes the property of the world, subject only to such rights as the author may have secured under copyright laws, and they can have no force or give any rights beyond the territorial limits of the government by which they are enacted." The only protection which plaintiff had restricting the publication of his songs was by virtue of the copyrights issued to him. Therefore, his only remedy against the defendant was for an infringement of the plaintiff's copyrights.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the defendant's motion for dismissal of the complaint granted, with ten dollars costs.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.