## COHAN v. RICHMOND et al.

District Court, S. D. New York.
June 21, 1937.

772

O'Brien, Driscoll & Raferty, of New York City (Edward J. Clarke, of New York City, of counsel), for complainant.

Leight & Neckritz, of New York City (Maurice Neckritz and Isadore Dicker, both of New York City, of counsel), for defendant Mayer.

HULBERT, District Judge.

Suit was originally instituted by the plaintiff seven years ago and has never come to issue.

At the outset, F. A. Mills and Robbins Music Corporation were also defendants and the bill of complaint then set forth two causes of action. This court dismissed the complaint as to Mills; it also dismissed the second cause of action as to the other defendants but allowed plaintiff to amend as to the first cause of action.

Instead, separate suits were brought in the New York Supreme Court against Robbins Music Corporation, and Richmond & Mayer. Motions in both cases to dismiss for lack of jurisdiction were denied and appeals taken to the Appellate Division.

The Robbins Case was the first to be decided and the order was reversed (Cohan v. Robbins Music Corp., 244 App.Div. 697, 280 N.Y.S. 571) without leave to plead over. Cohan meanwhile applied at Special Term in his action against Richmond & Mayer to serve an amended complaint. The application was granted upon terms with which he never complied.

The appeal previously taken by Richmond & Mayer was then brought on in the Appellate Division which adhered to its decision in the Robbins Case reversing the order made below, but granted the plaintiff leave to amend upon terms (Cohan v. Richmond, 246 App.Div. 589, 284 N.Y.S. 639), which again he failed to meet.

On February 8, 1937, he filed an unverified bill in equity in this court to require the defendants to account with respect to all uses and working of 49 copyrighted musical compositions therein described by title and copyright registration number and defendant moves to dismiss upon two grounds:

1. That the complaint upon its face shows that this court lacks jurisdiction of the subject-matter and the persons.

2. That the complaint upon its face does not state facts sufficient to constitute a cause of action in equity for an accounting.

The defendant submits a voluminous affidavit containing matter not at all pertinent to this motion which must be determined upon the allegations contained within the four corners of the bill. Therefore, disregarding all statements as to inconsistent allegations of fact in the complaints in the three previous actions and the affidavits filed which may become relevant if and when a trial is had, the plaintiff's alleged cause of action, stripped of its legal verbiage, sets forth that complainant, prior to 1908, created and wrote 49 songs, above referred to; that he granted to one Mills a license to print, publish, and vend them and to obtain copyrights thereon for plaintiff's benefit, which Mills did, in his own name, in trust for complainant; that the grant to Mills was made upon his promise to pay the fair, usual, and customary royalty for that privilege, which was to continue only so long as said royalties were paid, and that after securing the copyrights, a corporation in which Mills was interested was adjudicated bankrupt, and in the course of that proceeding Mills undertook to assign the copyrights to the trustee of the bankrupt, and the de-

fendants, by mesne assignments, claim to have succeeded to the copyright titles taken in the name of Mills, which complainant alleges were burdened with the obligation in equity, as well as by custom in the trade, to pay complainant the fair, usual, and customary royalties by any person using or working the copyrights, and the defendants had notice, either actual or constructive, that the copyrights were so burdened and did use and work them in various and sundry fashions to their profit without paying to complainant any royalties whatever, thereby unfairly and unjustly enriching themselves.

Complainant seeks to invoke the jurisdiction of this court upon the ground that the copyright law of the United States is directly involved and that the controversy embodies and includes complainant's equitable title in the copyrights of the musical compositions described in the bill of complaint.

The precise question involved, as I view it, is whether the complainant's alleged cause of action is one arising out of a contractual relationship or is based upon a right to recover royalties and hence cognizable as one in equity under the copyright law.

Cohan was the author and owner of the musical compositions in question and had a common-law copyright. Whatever interest Mills acquired was for the consideration of a promise to pay royalties.

■ Only the author or proprietor or his executors, administrators, or assigns may secure a statutory copyright (section 8, title 17 U.S.C.A.). The word "proprietor" is equivalent to "assign." Public Ledger v. New York Times (D.C.N.Y.) 275 F. 562, affirmed (C.C.A.2) 279 F. 747, certiorari denied 258 U.S. 627, 42 S.Ct. 383, 66 L.Ed. 798; Quinn-Brown Pub. Corp. v. Chilton Co., Inc. (D.C.N.Y.) 15 F.Supp. 213. The author may copyright work produced under contract, intent of parties being decisive. W. H. Anderson Co. v. Baldwin Law Pub. Co. (C.C.A.6) 27 F.(2d) 82. A publisher may take out copyright, and although legal title vests in him it may, however, be held in trust for true owner and the question as to true ownership is one of fact dependent upon the circumstances of the case. Bisel v. Ladner (C.C.A.3) 1 F.(2d) 436, and cases therein cited.

■ The defendants used and worked the copyrights and earned large profits and made no payments to Cohan. If their only obligations were to Mills because they had secured a nondefeasible title from him, that is a matter of pleading as a defense. Cohan could not sue the defendants at law as there is no privity. He attempts to set forth, however, facts to establish an equitable burden which, upon this motion, must be assumed as true. Are not the defendants therefore trustees accountable to the plaintiff for royalties upon an equitable lien and not as a matter of contract?

There can be no doubt that complainant's counsel has drawn the bill after very careful study of the opinion of the Circuit Court of Appeals, Second Circuit, in the bankruptcy case of In re Waterson, Berlin & Snyder Co., 48 F.(2d) 704, upon which singularly the defendants also strongly rely.

A. N. Hand, C. J., said in that case at page 708: "Under the doctrine of the Werderman Case [19 Ch.D. 246], any purchaser of the copyrights who took with notice of such a covenant would take them subject to it, and, we believe, also subject to payment of royalties, without which the obligation to work the copyright would be futile."

He then refers to the case of Lord Strathcona S. S. Co. v. Dominion Coal Co., [1926] A.C. 108, and quotes from the opinion of Lord Shaw, at page 125: "'If a man acquires from another rights in a ship which is already under charter, with notice of rights which required the ship to be used for a particular purpose and not inconsistently with it, then he appears to be plainly in the position of a constructive trustee with obligations which a court of equity will not permit him to violate.'"

■ It would appear that the defendants may only be compelled to account for royalties, and hence it follows and must be held that the complaint states a cause of action arising out of the copyright law. Settle order on notice unless agreed upon as to form fixing date for the defendants to plead.