APRIL PRODUCTIONS, INC., Plaintiff, *v.* HARMS, INC., Defendant.

Supreme Court, Special Term, New York County, October 19, 1937.

*William Klein*, for the plaintiff.

*R. W. Perkins*, for the defendant.

McLAUGHLIN (CHARLES B.), J. The defendant moves to dismiss the complaint upon two grounds: (a) That it fails to state

facts sufficient to constitute a cause of action; (b) that the court has not jurisdiction of the subject-matter of this action.

The complaint is based upon a contract in writing between plaintiff's predecessor and the defendant by the terms of which the publication and mechanical rights to the musical numbers of a play were granted to the defendant who in return was to pay royalties of seven cents for each of the musical numbers sold and fifty per cent of the sums received from the mechanical contract and also of " any and all emoluments arising from the sending or the usage of the musical numbers from any source whatsoever." It was further provided by the contract itself that it did not give to the defendant the right to broadcast over the radio any such musical number. After the contract was made the defendant copyrighted the various musical numbers. By virtue of this copyrighting the defendant maintains that this court has not jurisdiction of the subject of the action. It urges that the complaint is in reality an infringement of the copyright, over which the courts of this State have no jurisdiction. There is no merit to this contention under the facts alleged in the complaint. In the first place, it should be noted that the only conditions required of plaintiff's assignor by this contract were fully complied with. It is true that if no contract was alleged or fiduciary relationship disclosed there would be no jurisdiction of this court. The cause of action, if any, would then be based upon the copyright exclusively and the defendant would succeed in ousting this court of jurisdiction. (*Cohan* v. *Robbins Music Corp.*, 244 App. Div. 697.) However, in this case the plaintiff does not sue for an infringement of a copyright. The ownership or legality of the copyright is not at issue. The action is clearly based upon a contract and not a copyright. This court holds that the relationship of the parties together with the wording of the contract itself shows a clear right to the relief sought. Perhaps there is no express negative covenant, but under the circumstances disclosed the courts will imply one. (*Underhill* v. *Schenck*, 238 N. Y. 7; *Kirk La Shelle Co.* v. *Armstrong Co.*, 263 id. 79.)

The rule laid down in the authorities is that the plaintiff may invoke the aid of a court of equity against a defendant licensee to rescind after notice of cancellation, which notice is resisted by defendant. (*Saltus* v. *Bedford Co.*, 133 N.Y. 499, at pp. 503, 504; *Bobbs-Merrill Co.* v. *Universal Film Mfg. Co.*, 160 N. Y. Supp. 37.) There is nothing to the contrary in the cases relied upon by the defendant (*Schalkenbach* v. *Nat. Vent. Co.*, 129 App. Div. 389, and *Electric Reg. Mfg. Corp.* v. *American M. Labs., Inc.*, 25 id. 37), for these cases clearly deal with infringement of patents and not with a contract and a breach of fiduciary relationship.

Motions are denied.