DAVID D. LEVEN, Plaintiff, *v.* SAMUEL SCHULMAN, WALTER SMITH, DR. SYLVAIN PIRSON, THE RANGER PRESS, INC., F. HUBNER & CO., INC., GEORGE McKIBBIN & SON and PHILOSOPHICAL LIBRARY, INC., Defendants.

Supreme Court, Special Term, New York County, June 29, 1942.

*William Joachim* [*William Joachim* and *Morris Kleinman* of counsel], for the plaintiff.

*Leon Himmelfarbe,* for the defendant Philosophical Library, Inc.

EDER, J. Motion under subdivision 2 of rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that the court has no jurisdiction of the subject of the action.

The complaint on this motion is assailed by the defendant Philosophical Library, Inc. The plaintiff is the author of a literary work entitled " Done in Oil." The defendant Schulman is a publisher of literary works. The complaint alleges an agreement entered into between them, dated June 8, 1940, a copy of which is annexed to the complaint and made part thereof. The defendant Schulman undertook to publish the work. The movant herein, it is charged, caused an advertisement of said work to be published in a periodical under the name " The Petroleum Encyclopedia, Revised Edition by Sylvain Pirson," and that is the only connection of said defendant as respects the liability sought to be fastened upon it.

In brief, the plaintiff's claim is that the defendants, pursuant to a plan or scheme to deprive the plaintiff of said literary work and its emoluments, caused the identity of the author and the name of the work to be lost in the making of the changes noted and thereupon proceeded to publish the literary composition of the plaintiff.

The contract annexed to the complaint refers to the obligation of the plaintiff, as author, to immediately proceed to have said book " copyrighted," and in paragraph 3 provides that " the copyright shall be taken out in the name of the author." Paragraph 4 provides that " the author shall assign to the publisher the said copyright and any extension and renewal thereof." Paragraph 5 provides that the publisher shall have possession of the assigned copyright during the existence of the agreement, and upon the termination thereof said copyright shall be reassigned to plaintiff.

The complaint, paragraph 10, avers that plaintiff " has duly performed each and every condition and provision of said contract, on his part to be performed," and this is repeated with respect to the second cause of action (paragraph 19). It is alleged some 1,200 copies of the work have been sold, and the complaint charged various acts of conduct on the part of the defendants in violation of plaintiff's rights in said literary work and to his damage and injury.

The prayer for judgment among other relief asks an accounting by defendants of all moneys and profits from the sale of the book, that they be enjoined and restrained from publishing the work or any parts thereof or selling or distributing the same, or any imitation, adaptation or arrangement thereof and be compelled to surrender all plates, typesettings, stamps and metal compositions of the work, and for damages.

I am of the opinion that the motion should be granted, for it is clear that this court has no jurisdiction of the subject-matter. The agreement requires the plaintiff to copyright the work, and by the allegation of due performance it follows that the assumption must be that such copyright was obtained.

It is well-established law that a statutory copyright extinguishes all common-law rights therein. Thereafter the sole protection against violators of the rights thus secured is under the copyright statute. Recourse, if any, must be had in the Federal court, which is vested with exclusive jurisdiction.

Plaintiff, in consequence of obtaining a statutory copyright, has no cause of action in this court and this court has no jurisdiction of the subject-matter. (*Jewelers' Mercantile Agency* v. *Jewelers' Weekly Publishing Co.*, 155 N. Y. 241; *Condon* v. *Associated Hospital Service*, 287 id. 411; *Cohan* v. *Robbins Music Corporation*, 244 App. Div. 697.)

Motion granted and complaint dismissed.  Settle order.