Lillian S. STONE, Adm'x, Estate of Hiram (Hank) Williams, Dec'd, Appellant,

v.

Charles B. HUTCHISON, Appellee.

No. 14850.

Court of Civil Appeals of Texas.

Dallas.

Sept. 24, 1954.

Rehearing Denied Oct. 22, 1954.

Goldberg, Fonville, Gump & Strauss, Dallas, for appellant.

William R. Herring, Dallas, for appellee.

DIXON, Chief Justice.

Appellee as plaintiff brought this suit against Hank Williams, a composer and singer of popular songs, for damages for alleged conversion of a copyright interest in a song and musical composition. While suit was pending Hank Williams died and his mother, Lillian S. Stone, administratrix of his estate, was substituted as party defendant. Based on a jury verdict judgment was rendered for $350, from which judgment this appeal was taken.

In his petition appellee alleged that prior to January 1949 he composed a musical composition or song entitled "I Can't Help It," and that he complied in all respects with the Act of Congress known as the Copyright Act, 17 U.S.C.A. § 1 et seq., securing to himself exclusive rights and privileges to said song and musical composition; that thereafter he submitted a copy of his song to Williams for the purpose of either selling it to Williams, or of interesting Williams in making some recordings of it; and that thereafter Williams converted the song to his own use to appellee's damage in the sum of $2,750.

Appellant filed a plea to the jurisdiction asserting that the Federal Court has exclusive jurisdiction of the cause since it is a suit for damages for infringement of a statutory copyright in literary property.

Appellee contends that the State court has jurisdiction because he is standing, not on his statutory copyright, but only on his common law copyright.

Appellee's petition as originally drawn contained the words "his infringement thereof" and "infringed upon the copyright of plaintiff." These words plainly referred to appellee's statutory copyright, for appellee expressly pled his statutory copyright but nowhere mentioned a common law copyright. At the hearing on appellant's plea to the jurisdiction the above quoted words were, with the court's permission, stricken from the petition by appellee. This was done by way of amendment to the petition. The words were not actually obliterated but they were considered by the parties as eliminated and were not read to the jury. Appellee's pleading of his statutory copyright was not stricken, but remained in his petition.

The evidence shows that appellee wrote the words of a song entitled "I Can't Help It" and employed a professional musician for a flat fee to compose the music. Then he applied for and was granted a copyright to the words and music pursuant to Title 28, Sec. 1338, U.S.C.A.

Thereafter appellee mailed a copy of his song in an envelope addressed to "Hank Williams, Recording Artist, care M. G. M. Recording Company, Hollywood, California." He had observed from a record he had bought that Williams had made the record for M. G. M. Recording Company, Hollywood. He later learned to his sorrow that that was not Williams' correct address —Williams lived in Nashville, Tennessee— but the copy of the song was not returned to him.

In 1951 appellee heard a juke box record playing of a song by Hank Williams entitled "I Can't Help It (If I'm Still in Love with You)". This song was copyrighted in 1951 by Acuff-Rose Publications of Nashville, Tennessee. The music was not similar to the music of appellee's song, nor were the lyrics similar except that the words "I Can't Help It" were in both titles and were repeated several times in the body of the lyrics. Otherwise the verses of the two songs, both of which are copyrighted, bear very little resemblance, in fact, are quite different in their sentiment and themes.

Appellant's first point on appeal is that the court erred in overruling her plea to the jurisdiction.

We sustain appellant's first point. Title 28, Sec. 1338(a), U.S.C.A., expressly provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to * * * copyrights * * *. Such jurisdiction shall be exclusive of the courts of the states in * * * copyright cases."

■ We do not believe that there is any merit in appellee's claim that his suit is based solely on a common law copyright. He pled and proved his statutory copyright.

Moreover we think that by applying for and receiving a statutory copyright pursuant to the above cited Act of Congress appellee in effect elected to stand on his statutory copyright and may not now seek to assert his rights under a common law copyright. Here is what the Supreme Court of California has said on this point:

"The rights of one who proceeds under the statute should thenceforth be measured by the provisions of the statute. The common law right exists until the statute has been invoked and rights created thereunder, or the common law right has otherwise been abandoned; and this is so in one case as in the other. The author has the right of election, that is, he may content himself with his common law copyright, or he may elect to substitute therefor the right afforded by the statute by complying with its provisions, whereupon the extent of his copyright and the remedies for infringement are governed by the statutory provisions. Rosen's election was made when he proceeded to secure protection of the dramatic rights in the composition under the copyright statute. He cannot make a different election now. There is no expression in any of the authorities that a common law and a statutory right may exist concurrently, as is here claimed. The contrary conclusion is indicated. 'No proposition is better settled than that a statutory copyright operates to devest a party of the common-law right.' Jewelers' Mercantile Agency v. Jewelers' Weekly Publishing Co., 155 N. Y. 241, 247, 49 N.E. 872, 873, 41 L.R.A. 846, 63 Am.St.Rep. 666; Bobbs-Merrill Co. v. Straus, 2 Cir., 147 F. 15, 15 L.R.A.,N.S., 766; Societe des Films Menchen v. Vitagraph Co., 2 Cir., 251 F. 258, 260; Universal Film Mfg. Co. v. Copperman, 2 Cir., 218 F. 577;

Cohan v. Robbins Music Corp., 244 App.Div. 697, 280 N.Y.S. 571, and cases cited." Loew's, Inc., v. Superior Court of Los Angeles County, 18 Cal. 2d 419, 115 P.2d 983, at page 986.

Appellant has presented two other points on appeal but in view of our conclusion that the State trial court did not have jurisdiction to try the cause, we shall not pass on appellant's other points.

The judgment of the trial court is reversed and judgment is here rendered directing that the case be dismissed.